## RODRIGUEZ LAW, P.C.

EMPIRE STATE BUILDING | 350 FIFTH AVENUE | SUITE 5909 | NEW YORK, NEW YORK 10118

TELEPHONE (212) 960-3305
INFO@LAWRODRIGUEZ.COM | WWW.LAWRODRIGUEZ.COM

ARGILIO RODRIGUEZ, ESQ.
ARGILIO@LAWRODRIGUEZ.COM

July 28, 2016

**Via ECF**

The Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Paulino de la Cruz, et. al. v. Trejo Liquors, Inc., et. al.*
            CA No. 16-cv-4382 (VSB)

Your Honor,

      We represent Defendants Trejo Liquors, Inc. ("Trejo Liquors") and Johanny Trejo (collectively "Defendants") in the above referenced matter. In accordance with Your Honor's Individual Rules & Practices, we write to inform the Court of Defendants' intention to move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), for failure to state a claim upon which relief can be granted, on the grounds explained below, and to request a pre-motion conference.

      Two plaintiffs, Paulino de la Cruz ("de la Cruz") and Juventino Ramos ("Ramos") bring this action alleging violations of the FLSA and NYLL. Mr. de la Cruz alleges that from 1992 to May 2015, he "worked forty-eight (48) hours a week over a six (6) day workweek with no lunch break, earning weekly cash payments of $500." (Compl. ¶15). At this point, upon information and belief, defendant Ms. Trejo become the owner of Trejo Liquors after her husband passed away in June 2015. (Compl. ¶ 11, 17). For three (3) weeks in June, Mr. de la Cruz allegedly worked his regular eight hour shift and returned later in the day to work an additional five hour shift (Monday through Thursday) or six hours (Friday through Saturday), earning $600 per week for the first two of these weeks and $700 for the third. (Compl. ¶ 18). After these three weeks through the end of his employment in February 2016, Mr. de la Cruz alleges he worked fifty-four hours per week earning $550 per week. (Compl. ¶ 19). On February 4, 2016, plaintiff Mr. de la Cruz alleges he was terminated in retaliation for complaining about Defendants' failure to pay overtime. (Compl. ¶ 21).

      Plaintiff Mr. Ramos alleges that from 2002 to May 2015 he worked a forty-four (44) hour workweek earning $220 per week without a lunch break. (Compl. ¶25). In June 2015, Mr. Ramos began earning $450 working the same schedule. (Compl. ¶ 26).

Plaintiffs' Allegations Are Insufficient to Adequately Plead That Defendant Ms. Trejo Is Plaintiffs' "Employer" Under the FLSA

      As a preliminary matter, Plaintiffs have failed to adequately plead that Defendants are "employers" under the FLSA as defined within the Second Circuit. A plaintiff's obligation to state a claim requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

      In this case, the extent of the allegations with respect to the alleged "employer status" of defendant Ms. Trejo is merely that "upon information and belief" she "became the individual owner of Trejo Liquors after her husband's death in and around June 2015" – and nothing more. (Compl. ¶ 11). Plaintiffs have fallen far short of adequately alleging that Ms. Nunez is an "employer" under Second Circuit jurisprudence. "Evidence that an individual is an owner or officer of a company…is insufficient to demonstrate 'employer' status. Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013). Plaintiffs' threadbare, boilerplate, and conclusive allegations fail to raise their right to relief above the speculative level.

Plaintiffs Have Failed to Adequately Plead Unpaid Overtime and Minimum Wage

      "In order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106, 114 (2d Cir.2013). In this case, Plaintiffs' Complaint fails to state a plausible claim that the FLSA was violated with respect to overtime compensation because Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours as a matter of arithmetic. Plaintiffs' allegations fail to "provide some factual context that will nudge his claim from conceivable to plausible." *Dejesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 86 (2d Cir. 2013) (quoting *Twombly* 550 U.S. at 570).

      For example, with respect to Mr. de la Cruz, the Complaint alleges that from 1992 to May 2015 he worked 48 hours per week earning $500 per week. Noticeably absent is any reference to an hourly rate of pay, which is intentional on Plaintiffs' part. If Mr. de la Cruz's hourly wage is $9/hr., then he receives $360 for the first forty hours, plus eight hours at an overtime rate of pay of $13.50 for $108 – leaving us with a total of $468. Stated differently, absent additional factual content, Mr. de la Cruz fails to adequately allege "uncompensated time in excess of the 40 hours" so as to "nudge his claim from conceivable to plausible."

      Moreover, with respect to Mr. de la Cruz, The Complaint contains no statement or a single week such that sufficient unpaid hours were worked by him so that his effective hourly wage fell below the minimum wage. The Court can only speculate as to the factual basis of the

minimum wage claim with respect to Mr. de la Cruz and it should therefore be dismissed.

Plaintiffs Have Failed to Adequately Allege FLSA "Enterprise Coverage"

The FLSA defines an "[e]nterprise engaged in commerce or in the production of goods for commerce" as an enterprise that:

> has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person…and…"whose annual gross volume of sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A). Glaringly absent from the Complaint in the instant action is any factual content whatsoever with respect to pleading that defendant Trejo Liquors is an "enterprise" as defined by the FLSA.

Plaintiff Mr. de la Cruz Has Failed to Adequately Plead Retaliation Under the FLSA and NYLL

A plaintiff alleging retaliation under FLSA must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant…; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). The NYLL contains a closely analogous provision. *See Copantitla v. Fiskardo Estiatorio, Inc.,* 788 F. Supp. 2d 253, 301-02 (citing N.Y. Lab. Law § 215).

With respect to the third prong, the Complaint fails to allege a causal connection between the protected activity and the adverse employment action. The Complaint only alleges that plaintiff Mr. De la Cruz complained to Trejo liquors' management that he was not paid for overtime work at the overtime rate and was terminated in retaliation for his complaints on February 4, 2016. (Compl. ¶ 20-22). At no point has nor can plaintiff Mr. de la Cruz allege that it was Ms. Trejo that acted in retaliation regarding his termination.

Finally, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. Courts have routinely declined to exercise supplemental jurisdiction and dismissed state law claims in the FLSA context under these circumstances. *See Bustillos v. Academy Bus, LLC*, No. 13-cv-565, at *3 (S.D.N.Y. January 13, 2014) (collecting cases).

    Very truly yours,

    */s/ Argilio Rodriguez*
    Argilio Rodriguez, Esq.

    *Counsel for Defendants*