UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×

PAULINO DE LA CRUZ *and* JUVENTINO RAMOS,

        *Plaintiffs*,

        *v*.

TREJO LIQUORS, INC. d/b/a TREJO LIQUORS AND WINES *and* JOHANNY TREJO,

        *Defendants*.

------------------------------------------------------------------------×

**16 CV 4382**

**FIRST AMENDED COMPLAINT**

    Plaintiffs Paulino De La Cruz and Juventino Ramos, by their counsel, The Harman Firm, LLP, allege for their First Amended Complaint against Defendant Trejo Liquors, Inc. d/b/a Trejo Liquors and Wines and Johanny Trejo as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs Paulino De La Cruz ("Mr. De La Cruz") and Juventino Ramos ("Mr. Ramos") (hereinafter collectively referred to as "Plaintiffs") seek damages and costs against Defendants Trejo Liquors, Inc. d/b/a Trejo Liquors and Wines ("Trejo Liquors") and Johanny Trejo ("Ms. Trejo") (hereinafter collectively referred to as "Defendants") for failing to pay Plaintiffs at the overtime premium rate for hours worked in excess of forty (40) in a week.

2. Additionally, Mr. Ramos seeks damages and costs against Defendants for failing to pay him the minimum wage.

3. Additionally, Mr. De La Cruz seeks damages and costs against Defendants for terminating his employment in retaliation for complaining of wage and hour violations.

4. All claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 and New York State Labor Laws ("NYLL"), N.Y. Lab. Law §§ 1–1200.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiffs' claims, as Defendants violated Plaintiffs' rights under the FLSA.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' claims brought under NYLL, as they are so related to the FLSA claims that they form part of the same case or controversy.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

8. Plaintiff De La Cruz, at all times relevant hereto, was and is a resident of New York County in the State of New York.

9. Plaintiff Ramos, at all times relevant hereto, was and is a resident of New York County in the State of New York.

10. Upon information and belief, at all times relevant hereto, Trejo Liquors was and is a corporation organized under the laws of the State of New York with a location at 948 Amsterdam Avenue, New York, NY 10025.

11. Trejo Liquors is a liquor store located on the Upper West Side of Manhattan. It sells a variety of national and international wines and spirits from companies engaged in interstate commerce, in-store and by delivery to its customers. Upon information and belief, Trejo Liquors' gross volume of sales is in excess of $500,000.

12. Upon information and belief, Ms. Trejo became the individual owner of Trejo Liquors after her husband's death in and around June 2015.

## STATEMENT OF FACTS

**I.  Mr. De La Cruz's Claims**

13. Trejo Liquors hired Mr. De La Cruz in 1992.

14. As an employee of Trejo Liquors, Mr. De La Cruz's responsibilities included checking out customers and stocking inventory.

15. As such, Mr. De La Cruz was entitled to overtime pay under the FLSA and NYLL; he was not an exempt employee.

16. Trejo Liquors paid Mr. De La Cruz a weekly salary regardless of the number of hours he actually worked; Trejo Liquors did not pay him for hours worked in excess of forty (40) hours per week at all, much less at the overtime premium rate.

17. Trejo Liquors paid its employees, including Mr. De La Cruz, in cash.

18. Trejo Liquors did not keep time records for hours worked by its employees, including Mr. De La Cruz.

19. During his employment, Mr. De La Cruz worked in excess of forty (40) hours per week in every week of his employment.

20. From 1992 to May 2015, Mr. Trejo's standard workweek involved working six (6) shifts of eight (8) hours per week, with no lunch break.

21. As a result, during this period, Mr. De La Cruz worked forty-eight (48) hours a week over a six (6) day workweek.

3

22. From 1992 to May 2015, Trejo Liquors paid Mr. De La Cruz a salary of five hundred dollars ($500) per week; he was not paid hourly.

23. At no point did Defendants tell Mr. De La Cruz that his weekly pay of five hundred dollars ($500) per week represented an hourly wage or took into account overtime pay.

24. If Mr. De La Cruz was sick or missed time, his weekly pay did not change.

25. In and around June 2015, Ms. Trejo became the owner of Trejo Liquors.

26. As Trejo Liquors' owner, Ms. Trejo took over the operations of the business: among things, she directed its employees' responsibilities, assigned them tasks, made hiring and firing decisions, gave workers their pay, negotiated and decided employees' wages, worked on site, set workers' hours and schedules, made tax decisions, and, upon information and belief, reviewed Trejo Liquor's finances and made purchasing decisions.

27. Ms. Trejo was the only "management" level employee at Trejo Liquor's after her husband's passing; her last name was the company name.

28. For three (3) weeks in June, Mr. De La Cruz worked eight (8) hours on his regular shift before returning later in the day to work an additional five (5) hours (Monday through Thursday) or six (6) hours (Friday through Saturday). This resulted in three (3) weeks where Mr. De La Cruz worked sixty-seven hours (67) per week.

29. During the first of these two (2) weeks of June, Trejo Liquors paid Mr. De La Cruz a salary of six hundred dollars ($600) per week. During the third week, Trejo Liquors paid Mr. De La Cruz a salary of seven hundred dollars ($700) per week; he was not paid hourly.

30. After these three (3) weeks in June 2015 up through his termination in February 2016, Mr. De La Cruz worked fifty-four (54) hours per week.

4

31. After the three (3) week period in June 2015 through his termination in February 2016, Trejo Liquors paid Mr. De La Cruz a salary of five hundred and fifty ($550) per week; he was not paid hourly.

32. Now working in excess of fifty (50) hours a week, Mr. De La Cruz complained to Ms. Trejo that he was not being paid for overtime work at the overtime rate for the long hours he was working and that Ms. Trejo had misclassified his employment for tax purposes.

33. Mr. De La Cruz continued to complain during the rest of his employment, insisting that Ms. Trejo pay him overtime or shorten his hours and that she correctly classify his employment with Trejo Liquors.

34. Shortly thereafter his final complaint, on or about February 4, 2016, Trejo Liquors terminated Mr. De La Cruz in retaliation for his complaints about Trejo Liquor and Ms. Trejo's failure to pay overtime.

35. Ms. Trejo told Mr. De La Cruz that she was terminating him for stealing inventory; however, Mr. Trejo did not have any evidence that Mr. De La Cruz stole anything, as he, in fact, did not.

36. Mr. De La Cruz vehemently denied the allegation.

37. Mr. De La Cruz's termination occurred shortly after he complained of not being paid overtime for hours worked.

38. Trejo Liquors' failure to pay Mr. De La Cruz overtime and its termination of Mr. De La Cruz for complaining of unpaid overtime violate the FLSA and NYLL.

II.     **Mr. Ramos's Claims**

39. Trejo Liquors hired Mr. Ramos in 2002.

40. As an employee of Trejo Liquors, Mr. Ramos's responsibilities included checking out customers and stocking inventory.

41. As such, he was covered by the FLSA and NYLL; he was not an exempt employee.

42. Trejo Liquors paid Mr. Ramos a weekly salary regardless of the number of hours he actually worked; Trejo Liquors did not pay him for hours worked in excess of forty (40) hours per week at all, much less at the overtime premium rate.

43. Trejo Liquors paid its employees, including Mr. Ramos, in cash.

44. Trejo Liquors did not keep time records for hours worked by its employees, including Mr. Ramos.

45. During his employment, Mr. Ramos worked in excess of forty (40) hours per week in every week of his employment.

46. From 2002 to May 2015, Mr. Ramos regularly worked a forty-four (44) hour workweek.

47. From 2002 to May 2015, Trejo Liquors paid Mr. Ramos a salary of two hundred and twenty ($220) per week, without any lunch break, which amounts to a rate of pay less than federal and New York minimum wage rates; he was not paid hourly.

48. In June 2015, Trejo Liquors paid Mr. Ramos a salary of four hundred and fifty ($450) per week, working the same schedule; he was not paid hourly, and Defendants did not indicate that his weekly salary represented an hourly rate or overtime pay.

49. Defendants never paid Mr. Ramos additional overtime pay for hours worked over forty (40).

50.     As such, Trejo Liquors owes Mr. De La Cruz and Mr. Ramos significant monies, including but not limited to, back pay at the overtime premium rate, back pay at the minimum wage rate, back pay for Mr. De La Cruz's termination, liquidated damages, attorneys' fees, and costs.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Minimum Wage in Violation of the FLSA (Plaintiff Ramos)**

51.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 50 with the same force as though separately alleged herein.

52.     At all times relevant to this action, Plaintiff Ramos was employed by Defendants within the meaning of FLSA.

53.     The FLSA mandates that employers must pay each of their employees for each hour worked at an hourly rate not less than the federal minimum wage.

54.     From 2002 to May 2015, Defendants' wages to Plaintiff Ramos resulted in an hourly rate below the federal mandated minimum wage.

55.     Defendants knowingly and willfully violated Plaintiff Ramos' rights under the FLSA by failing to pay him the minimum wage for hours worked.

56.     Due to Defendants' FLSA violations, Plaintiff Ramos is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest and reasonable attorneys' fees and costs related to the action.

### SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wage in Violation of NYLL §§ 650 *et seq.* (Plaintiff Ramos)**

57.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 56 with the same force as though separately alleged herein.

58. At all times relevant to this action, Plaintiff Ramos was employed by Defendants within the meaning of NYLL.

59. The NYLL mandates that employers must pay each of its employees for each hour worked a wage of not less than the New York minimum wage.

60. From 2002 to May 2015, Defendants' wages to Plaintiff Ramos resulted in an hourly rate below the mandated minimum wage.

61. Defendants knowingly and willfully violated Plaintiff Ramos' rights under NYLL by failing to pay him the minimum wage for hours worked.

62. Due to Defendants' NYLL violations, Plaintiff Ramos is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest and reasonable attorneys' fees and costs related to the action.

### THIRD CAUSE OF ACTION
### Unpaid Overtime in Violation of the FLSA (Plaintiffs Ramos and De La Cruz)

63. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 62 with the same force as though separately alleged herein.

64. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of FLSA.

65. The FLSA mandates that employers must compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) hours each week.

66. Defendants willfully and intentionally violated the FLSA's overtime requirement by not paying Plaintiffs at the overtime premium rate for any overtime worked.

67. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest and reasonable attorneys' fees and costs related to the action.

8

## FOURTH CAUSE OF ACTION
### Unpaid Overtime in Violation of the NYLL (Plaintiffs Ramos and De La Cruz)

68. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 67 with the same force as though separately alleged herein.

69. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the NYLL.

70. The NYLL mandates that employers must compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) hours each week.

71. Defendants willfully and intentionally violated the NYLL's overtime requirement by not paying Plaintiffs at the overtime premium rate for any overtime worked.

72. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest and reasonable attorneys' fees and costs related to the action.

## FIFTH CAUSE OF ACTION
### Unlawful Retaliation in Violation of the FLSA (Plaintiff De la Cruz)

73. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 72 with the same force as though separately alleged herein.

74. The FLSA prohibits retaliation by an employer against an employee for complaining of discriminatory practices illegal within the FLSA.

75. Plaintiff De La Cruz properly complained to Defendants about failure to pay overtime at the premium rate.

76. Defendants retaliated against Plaintiff De La Cruz by terminating his employment.

77. As a direct and proximate consequence of Defendants' retaliation, Plaintiff De La Cruz has suffered, and continue to suffer, substantial economic damages.

78. Due to Defendants' FLSA violations, Plaintiff De La Cruz is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest and reasonable attorneys' fees and costs related to the action.

### SIXTH CAUSE OF ACTION
### Retaliation in Violation of the NYLL (Plaintiff De la Cruz)

79. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 78 with the same force as though separately alleged herein.

80. The NYLL prohibits retaliation by an employer against an employee for complaining of discriminatory practices illegal within the NYLL.

81. Plaintiff De La Cruz properly complained to Defendants about failure to pay overtime at the premium rate.

82. Defendants retaliated against Plaintiff De La Cruz by terminating his employment.

83. As a direct and proximate consequence of Defendants' retaliation, Plaintiff De La Cruz has suffered, and continues to suffer, substantial economic damages.

84. Due to Defendants' NYLL violations, Plaintiff De La Cruz is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest and reasonable attorneys' fees and costs related to the action.

**Request for Relief**

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. For the first claim, actual damages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs;

B. For the second claim, actual damages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs;

C. For the third claim, actual damages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs;

D. For the fourth claim, actual damages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs;

E. For the fifth claim, actual damages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs; and

F. For the sixth claim, actual damages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs;

G. For such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           August 18, 2016

                                          THE HARMAN FIRM, LLP

                                   By:_____
                                          Walker G. Harman, Jr. [WH-8044]
                                          Edgar M. Rivera [ER-1379]
                                          220 Fifth Avenue, Suite 900
                                          New York, NY 10001
                                          (212) 425-2600
                                          wharman@theharmanfirm.com
                                          erivera@theharmanfirm.com
                                          *Attorneys for Plaintiffs*