IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULINO DE LA CRUZ and JUVENTINO RAMOS,

    Plaintiffs,

v.

TREJO LIQUORS, INC. d/b/a TREJO LIQUORS AND WINES and JOHANNY TREJO,

    Defendants.

No. 16-cv-4382 (VSB)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendants Trejo Liquors, Inc. d/b/a Trejo Liquors and Wines and Johanny Trejo respectfully submit this memorandum of law in support of their motion to dismiss Plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

Two plaintiffs, Paulino De La Cruz ("De La Cruz") and Juventino Ramos ("Ramos") bring this action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") with respect to allegedly unpaid minimum wages and unpaid overtime, against their alleged employers Trejo Liquors, Inc. located at 948 Amsterdam Avenue, New York NY 10025, and Johanny Trejo. Mr. De La Cruz also asserts that defendants retaliated against him in violation of the FLSA and NYLL when he allegedly complained about not receiving overtime pay, despite the fact that he was told that he was terminated for stealing from the business. (FAC ¶ 32-38). Plaintiffs allege that Defendant Ms. Trejo, a widow, "became the individual owner of Trejo Liquors after her husband's death in and around June 2015."[1] (FAC ¶ 12).

---

[1] It is worth noting that Ms. Trejo was the alleged individual owner of Trejo Liquors for a mere eight (8) months of Plaintiff Mr. De La Cruz's claim (from June 2015, the date of Mr. Trejo's death, through February 4th, 2016, the date in which Plaintiff Mr. De La Cruz was no longer employed).

Mr. De La Cruz alleges that he worked at Trejo Liquors from 1992 until February 4, 2016. (FAC ¶ 13, 34). His responsibilities included "checking out customers and stocking inventory." (FAC ¶ 14). Mr. De La Cruz alleges, in blanket fashion, that he "worked in excess of forty (40) hours per week in every week of his employment." (FAC ¶ 19). In addition, he alleges that his "standard workweek involved working six (6) shifts of eight (8) hours per week, with no lunch break," resulting in "forty-eight (48) hours a week over a six (6) day workweek," while being paid $500 per week from 1992 to May 2015. (FAC ¶ 20-22).

In June 2015, Mr. Trejo, the individual owner of Trejo Liquors passed away, at which point Plaintiffs allege that Ms. Trejo assumed control of the operations of the business. (FAC ¶ 12, 26). For three (3) weeks in June, Mr. De La Cruz alleges that he worked sixty-seven (67) hours per week, working 13 hours per day Monday - Thursday and 14 hours per day Friday – Saturday, earning six hundred dollars ($600) the first of these two weeks, and seven hundred dollars ($700) for the third week. (FAC ¶ 28-29). From June 2015 through the end of his employment in February 2016, Mr. De La Cruz worked fifty-hour (54) hours per week and was paid $550 per week. (FAC ¶ 30-31).

Mr. De La Cruz was terminated on February 4th, 2016 by Ms. Trejo because he was stealing inventory. (FAC ¶ 35). Nevertheless, Mr. De La Cruz insists and alleges that Trejo Liquors terminated him in retaliation for his complaints regarding overtime pay, requesting his hours be reduced, and seeking to be "correctly classified" for tax purposes. (FAC ¶ 32-34).

Plaintiff Mr. Ramos alleges that he was hired by Trejo Liquors in 2002, where his responsibilities included checking out customers and stocking inventory. (FAC ¶ 39-40). He alleges, also in blanket fashion, that he "worked in excess of forty (40) hours per week in every week of his employment." (FAC ¶ 42). Mr. Ramos alleges that from 2002 to May 2015, he

worked forty-four (44) hours per week, earning $220 per week, without any lunch break. (FAC ¶ 46-47). In June 2015, when Defendant Ms. Trejo allegedly assumed control of the business, Mr. Ramos was paid $450 per week, while working the same schedule. (FAC ¶ 48).

With respect to Defendant Ms. Trejo's status an alleged "employer," Plaintiffs allege nothing more than a formulaic recitation of the economic realities, based on speculation and conjecture, without any particularized factual content whatsoever, which has been regularly rejected by courts in the Second Circuit as insufficient to plead employer status under the FLSA:

> As Trejo Liquors' owner, Ms. Trejo took over the operations of the business: among [sic] things, she directed its employees' responsibilities, assigned them tasks, made hiring and firing decisions, gave workers their pay, negotiated and decided employees' wages, worked on site, set workers' hours and schedules, made tax decisions, and, upon information and belief, reviewed Trejo Liquor's finances and made purchasing decisions.

(FAC ¶ 26).

In short, the First Amended Complaint fails to adequately plead that these Defendants were their employers and fails to adequately state claims for minimum wage and overtime violations, as well as for retaliation under the FLSA.

## ARGUMENT

### I. PLEADING STANDARD

To survive a motion to dismiss under Rule 12(b)(6) plaintiffs must plead enough facts to "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although factual allegations are assumed to be true, they must still be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plausibility standard requires more than a showing of "sheer possibility that the defendant has acted unlawfully" and requires a plaintiff to make "more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . devoid of

3

'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). To meet this standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Pleadings that contain "no more than conclusions…are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss. *Id.* at 679.

## II. PLAINTIFFS' THREADBARE, BOILERPLATE, CONCLUSIVE ALLEGATIONS ARE INSUFFICIENT TO ADEQUATELY PLEAD THAT DEFENDANTS ARE "EMPLOYERS" UNDER THE FLSA

As a preliminary matter, and as discussed more fully below, it is well settled within the Second Circuit, that "mere boilerplate allegations that an individual meets the various prongs of the economic reality test" are insufficient to survive a motion to dismiss" with respect to pleading "employer" status under the FLSA. *See Gisomme v. Healthex Corp.*, 2014 U.S. Dist. LEXIS 67588, *10-11 (E.D.N.Y. May 15, 2014); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 2012 U.S. Dist. LEXIS 127824, *36-37 (S.D.N.Y. September 6, 2012); *Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 01848 (LAP), 2010 U.S. Dist. LEXIS 107722, at *4 (S.D.N.Y. Sept. 28, 2010); *Sampson v. MediSys Health Network, Inc.* No. CV 1—1342 (SJF) (ARL), 2012 U.S. Dist. LEXIS 103012, at * (E.D.N.Y. Feb. 9, 2012) *adopted as modified by* 2012 U.S. Dist. LEXIS 103052; *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009).

As the Second Circuit recently summarized, four factors are relevant to determine whether an individual is an "employer" under the FLSA: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules

or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d at 104 (quoting *Carter*, 735 F.2d at 12).

Plaintiffs must provide sufficient non-conclusory factual content in the complaint beyond a speculative level in pleading that a defendant is an "employer" under the FLSA. Moreover, allegations based "upon information and belief," as Plaintiffs have included in the First Amended Complaint, have regularly been rejected. (FAC ¶ 26) (in addition to the formulaic recitation of the economic realities test, stating that "upon information and belief" Ms. Trejo "reviewed Trejo Liquor's finances and made purchasing decisions"). Similarly, the Supreme Court has directed that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Twombly*, 550 U.S. at 550.

Contrary to Plaintiffs' contention, they have failed to adequately plead that Defendants are "employers" under the FLSA as defined within the Second Circuit. A plaintiff's obligation to state a claim requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do when pleading "employer" status under the FLSA. As the Court explained in *N.Y. State Court Clerks Ass'n v. Unified Court Sys. of N.Y.*, Plaintiffs are required to plead sufficient facts to support a finding that the defendant is an "employer" based on the "economic reality" test:

> Mere boilerplate allegations that an individual meets the various prongs of the economic reality test under the FLSA stated solely upon information and belief and without any supporting details – essentially "a formulaic recitation of the elements of a cause of action" – are insufficient to raise plaintiffs' right to relief above a speculative level with respect to that individual's liability as an employer under the FLSA.

25 F. Supp. 3d 459, 471 2014 U.S. Dist. LEXIS 78699 *28 (S.D.N.Y. June 9, 2014); *Tracy v. NRV, Inc.*, 667 F. Supp. 2d 244, 247 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at 555). Factual allegations must be enough to rise to a right of relief above the speculative level. *Id.*

In this case, Plaintiffs have not alleged sufficient facts in the First Amended Complaint to support their conclusory assertions. Specifically, the extent of Plaintiffs allegations with respect to Ms. Trejo's status as an "employer" are that she (1) "directed its employees' responsibilities [and] assigned them tasks" (the supervisory prong); (2) "made hiring and firing decision" (power to hire and fire employees); (3) "gave workers their pay, negotiated and decided employees' wages" (determining the rate and method of payment). (FAC ¶ 26). There is no reference to the fourth factor of the economic realities test, which is maintaining employment records. In a hail-mary attempt to salvage their deficient pleading, Plaintiff's also allege that Ms. Trejo "based upon information and belief, reviewed Trejo Liquor's finances and made purchasing decisions." (FAC ¶ 26). Plaintiffs have fallen far short of adequately alleging that Ms. Trejo is an "employer" under Second Circuit jurisprudence despite being given a second opportunity to satisfy their pleading burden in their First Amended Complaint.

Moreover, "[t]he individual[s] sought to be held liable cannot be just any employee with some supervisory control over other employees and must be instrumental in causing the corporation to violate the FLSA." *Nakahata*, 2012 U.S. Dist. LEXIS 127824 at *37-38 (quoting *Manning v. Boston Med. Ctr. Corp.*, 2012 U.S. Dist. LEXIS 54692, at *2 (D. Mass. Apr. 18, 2012). "Plaintiffs have not alleged facts to plausibly show that [Defendant Ms. Trejo] knew of, let alone created or maintained, the purported unlawful policies." *Id.*

In *Gisomme v. Healthex Corp.*, plaintiffs alleged that a defendant, was "actively involved in day-to-day operations, exercising significant managerial control over their operations,

policies, practices, and procedure," and "had the power to hire and terminate employees, control work schedules and conditions of employment, and set wages." 2014 U.S. Dist. LEXIS 67588, *10-11 (E.D.N.Y. May 15, 2014). In granting defendant's motion to dismiss, the court explained that "plaintiffs' conclusory allegations of defendant's operational involvement and control" and his "alleged general power of various employment decisions [were] not sufficient to establish [defendant's] status as plaintiffs' employer under the FLSA." *Id.* citing *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (finding boilerplate allegations that individual meets various prongs of economic reality test without supporting details insufficient to state plausible claim for individual's liability as employer under the FLSA).

In *Nakahata v. New York-Presbyterian Healthcare Sys.*, plaintiffs alleged that six individuals, including six different Presidents and CEOs, had "operational control" over the business and had the authority to make "employment decisions" concerning hirings and firings, and were "involved in the creation and/or maintenance of the illegal policies." 2012 U.S. Dist. LEXIS 127824, *36-37 (S.D.N.Y. September 6, 2012). The court dismissed all claims against each of these six defendants because these allegations were "nothing more than conclusory allegations designed to satisfy the economic reality test." *Id.*

Similarly, in *Sampson* v. *MediSys Health Network, Inc.*, the court recommended dismissal of nearly identical allegations as insufficient to show individual defendants were plaintiffs' employer. No. 10 Civ. 1342 (SJF) (ARL), 2012 U.S. Dist. LEXIS 103012, at *7 (E.D.N.Y. Feb. 9, 2012).

In *Tracy v. NRV, Inc.*, plaintiffs' motion for leave to amend the complaint to join an additional defendant was denied on this very basis. 667 F. Supp. 2d 244 (S.D.N.Y. 2009). In that case, plaintiffs sought to amend the complaint to join as a defendant an individual who upon

7

information and belief had the authority to make decisions concerning human resources, training, payroll, employee hiring and firing, FLSA classification and benefits aspects of the business, and that he provided support or control policies which ultimately impacted day-to-day operations, employees' work schedules and conditions of employment. As the Court explained:

> bare allegations of an individual's control over employee-plaintiffs that are based solely upon the individual's job title and presumed duties are insufficient to establish that the individual is an "employer" under *Herman's* economic reality test...

*Tracy*, 667 F. Supp. at 247 (citing *Bravo v. Eastpoint Int'l*, 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. 2001). In this case, just as in *Tracy*, Plaintiffs "offer no supporting details to substantiate their belief other than each Defendants' job title. In view of the "totality of the circumstances," Plaintiffs have not alleged facts to establish that Defendants exercised control over the terms of Plaintiffs employment. *See Diaz*, 2010 U.S. Dist. LEXIS 107722, at *6.

Plaintiffs have thus failed to show that Defendants qualify as their "employers" and accordingly, all claims against them should be dismissed.

### III. PLAINTIFFS FAIL TO ADEQUATELY PLEAD UNPAID OVERTIME AND MINIMUM WAGE CLAIMS

"In order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. In this case, the First Amended Complaint fails to state a plausible claim that the FLSA was violated with respect to Plaintiff Mr. Ramos's allegations of unpaid overtime because he has not alleged a single workweek in which he worked at least 40 hours and also worked uncompensated time in excess of 40 hours, but continues to rely on inadequate statements that he "worked in excess of forty (40) hours per week in every week of his employment" and "regularly worked a forty-four (44) hour workweek." (FAC ¶ 45-46). Mr.

8

Ramos' allegations fail to "provide some factual context that will nudge his claim from conceivable to plausible." *Dejesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 86 (2d Cir. 2013) (quoting *Twombly* 550 U.S. at 570). These allegations are insufficient. *See Bustillos v. Academy Bus LLC*, No. 13 Civ. 565 (AJN), 2014 U.S. Dist. LEXIS 3980, at * 1-2 (S.D.N.Y. Jan. 13, 2014) (dismissing FLSA overtime claim where plaintiff alleged that he "regularly work[ed] from 60 to 90 hours per week"); *Spiteri v. Russo*, No. 12-cv-2780, 2013 U.S. Dist. LEXIS 128379, at *55 (E.D.N.Y. Sep. 7, 2013) (dismissing FLSA overtime claim where plaintiff alleged that he " worked approximately fifty (50) to sixty (60) hours per week").

Similarly, Mr. Ramos' minimum wage claim should be dismissed with respect to and as against Defendant Ms. Trejo individually. Mr. Ramos alleges that from 2002 to May 2015, he worked forty-four (44) hours per week, and Trejo Liquors paid him $220 per week, without any lunch break. (FAC ¶ 46-47). However, Mr. Ramos alleges that Defendant Ms. Trejo only assumed control of the business in June 2015 (FAC ¶ 12, 25), at which point Mr. Ramos alleges that he was paid $450 per week while working the same schedule and 44 hours per week. (FAC ¶ 48). Therefore, as a matter of sheer arithmetic, Defendant Ms. Trejo paid Plaintiff Mr. Ramos more than the minimum wage, and Mr. Ramos' minimum wage claims against Defendant Ms. Trejo individually should be dismissed.

### III. PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD A CLAIM FOR RETALIATION UNDER THE FLSA AND NYLL

Section 15(a)(3) of the FLSA extends protection to an employee who has "filed a complaint or instituted or caused to be instituted any proceeding under or related to the [FLSA], or has testified or is about to testify in any such proceeding..." 29 U.S.C. § 215(a)(3). Plaintiff's alleged communication regarding his overtime pay lacked the formality required to put defendants on notice that plaintiff was asserting rights under the FLSA, and failed to inform defendants of any intent to institute an FLSA action,

and should therefore be dismissed. Plaintiff Mr. De La Cruz's retaliation claim fails because his complaint as alleged is not sufficiently clear and detailed for a reasonable employer to understand his complaint, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection. *See Lambert v. Genese Hosp.*, 10 F.3d 46, 56 (2d Cir. 1993) (language of section 15(a)(3) of FLSA "limits the cause of action to retaliation for filing formal complaints, initiating a proceeding, or testifying, but does not encompass complaints made to a supervisor"); *Hyunmi Son v. Reina Bijoux, Inc.*, 823 F. Supp. 2d 238, 243-44 (S.D.N.Y. 2011) (holding that formal complaint to government agency is required for protected activity under Section 15(a)(3)) *Nicholls v. Brookdale Univ. Hosp. Med. Ctr.*, 2004 WL 1533831 (E.D.N.Y. July 9, 2004) (granting employer's motion to dismiss where plaintiff physician's assistant made informal complaints about overtime to her coworkers and supervisors); *Nicolaou v. Horizon Media, Inc.*, 2003 WL22208356 (S.D.N.Y. Sept. 23, 2003) (dismissing plaintiff's FLSA retaliation claim where plaintiff alleged she informally complained to her supervisor and to her employer's attorney about discrepancies in her pay); *Ellis v. HarperCollins Publishers, Inc.* 2000 WL 802900 (S.D.N.Y. June 21, 2000) (plaintiff human resource manager verbally complained to supervisor and others that employer was failing to pay other employees overtime, court held this was insufficient).

## IV. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

As detailed above, Plaintiffs have failed to allege any claims against Defendants. Nevertheless, should the Court determine that Plaintiffs have stated a claim under NYLL against any Defendant, this Court should decline to exercise supplemental jurisdiction over that claim.

Subject matter jurisdiction in this matter is premised on federal question jurisdiction over Plaintiffs FLSA claims under 28 U.S.C. § 1331, with supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367. Compl. ¶ 4. A district court "may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction." 13 U.S.C. § 1367. The decision to exercise supplemental

jurisdiction is within the sound discretion of the district court and involves an assessment, at each stage of the case, of the values of judicial economy, convenience, fairness, and comity. *See Lundy*, 711 F.3d at 117-18. "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." *Id.* at 118.

The Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims because none of the factors listed above counsel in favor of retaining jurisdiction. The litigation is at its earliest stages and the Court and parties have not invested significant resources in litigating or resolving the state law claims. Nor do principles of comity counsel in favor of the Court retaining jurisdiction. Courts in these circumstances have routinely declined to exercise supplemental jurisdiction and dismissed state law claims. *Bustillos v. Academy Bus, LLC*, No. 13-cv-565, at *3 (S.D.N.Y. January 13, 2014) *See, e.g., Dreher v. Doherty*, No. 12-cv-3385, 2013 U.S. App. LEXIS 17464, at *1 n.1 (2d Cir. Aug. 21, 2013) (unpublished) (noting district court's dismissal); *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 218 n.1 (2d Cir. 2002) (same); *Cromwell*, No. 12-cv-4251, 2013 U.S. Dist. LEXIS 69414, at *11-13 (declining to exercise supplemental jurisdiction over NYLL claims after determining that FLSA claims were not adequately pleaded); *Yang Li v. Ya Yi Cheng*, No. 10-cv-4664, 2012 U.S. Dist. LEXIS 40241, at *16 (E.D.N.Y. Jan. 9, 2012) (noting that Second Circuit courts routinely decline supplemental jurisdiction in these circumstances).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' FLSA and NYLL claims against Defendants Trejo Liquors, Inc. d/b/a Trejo Liquors and Wines and Johanny Trejo as plead in the First Amended Complaint in their entirety and grant any and all further relief as may be just and proper.

Dated: New York, New York
September 7, 2016

                                    */s/ Argilio Rodriguez, Esq.*
By: Argilio Rodriguez, Esq.
Rodriguez Law, P.C.
Empire State Building
350 Fifth Avenue, Suite 5909
New York, NY 10118
(212) 960-3305
argilio@lawrodriguez.com

*Attorney for Defendants*