**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------------x

PAULINO DE LA CRUZ *and* JUVENTINO RAMOS,

                *Plaintiffs*,

      -against-

                                                          **16 CV 4382**

TREJO LIQUORS, INC. *d/b/a* TREJO LIQUORS AND WINES
*and* JOHANNY TREJO,

                *Defendants*.

-----------------------------------------------------------------------------------x

---

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFFS' CROSS MOTION TO
STRIKE**

---

Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, New York 10001
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS................................................................................................. 3

STANDARD ...................................................................................................................... 6

ARGUMENT ..................................................................................................................... 7

POINT I THE FAC MUST NOT BE DISMISSED AS AGAINST DEFENDANT TREJO
BECAUSE PLAINTIFFS HAVE ALLEGED FACTS DEMONSTRATING THAT SHE
CONTROLLED TREJO LIQUORS AND THEREFORE WAS PLAINTIFFS' EMPLOYER.....7

    A.   *Ms. Trejo was Plaintiffs' employer when she took control of Trejo Liquors after her husband's
passing.*......................................................................................................................................7

    B.   *It is premature for the Court to decide whether Ms. Trejo is a proper defendant with respect to
those claims that accrued prior to her taking over Trejo Liquors because there has been no
discovery as to whether her husband's estate has been distributed.* ....................................................10

POINT II PLAINTIFFS' FLSA AND NYLL WAGE AND HOUR CLAIMS SHOULD NOT BE
DISMISSED BECAUSE PLAINTIFFS HAVE ALLEGED PLAUSIBLE WAGE AND HOUR
VIOLATIONS.......................................................................................................................11

POINT III  THE RETALIATION CLAIM SHOULD NOT BE DISMISSED, AS PLAINTIFF
DE LA CRUZ MADE COMPLAINTS SATISFYING THE *KASTEN* AND *GREATHOUSE*
STANDARDS........................................................................................................................15

POINT IV  THE COURT SHOULD STRIKE DEFENDANTS' MOTION, AS THEY FILED IT
WITHOUT FIRST RECEIVING LEAVE FROM THIS COURT. ................................................16

POINT V  DEFENDANTS SHOULD BE SANCTIONED FOR PLAINTIFFS' ATTORNEYS'
FEES WITH RESPECT TO OPPOSING THE MOTION. ..........................................................16

CONCLUSION ................................................................................................ 17

**Cases**

*Arar v. Ashcroft*
  585 F.3d 559  (2d Cir. 2009)................................................................................. 6

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)............................................................................................ 6

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*
  493 F.3d 87 (2d Cir. 2007).................................................................................. 6

*Bancorp Services, LLC & Addle Management LLC, v. American General Life Insurance
  Company*
  No. 14-CV-9687 VEC, 2016 WL 4916969 (S.D.N.Y. Feb. 11, 2016)................................. 6, 7

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544, 555 (2007)............................................................................. 6, 10, 15

*Bustillos v. Academy Bus LLC*
  No. 13-CV-565 AJN, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014) ...................... 14

*Dejesus v. HF Mgmt. Servs., LLC*
  726 F.3d 85 (2d Cir. 2013)............................................................................. 12, 13

*Gisomme v. Healthex Corp.*
  No. 13-CV-2541 LDW WDW, 2014 U.S. Dist. LEXIS 67588 (E.D.N.Y. May 15, 2014)........ 9

*Gomez v. Toledo*
  446 U.S. 635 (1980)........................................................................................ 11

*Gonzalez-Servin v. Ford Motor Co.*
  662 F.3d 931 (7th Cir. 2011) ............................................................................ 17

*Graham v. Henderson*
  224 F.R.D. 59 (N.D.N.Y.2004)........................................................................... 10

*Greathouse v. JHS Sec. Inc.*
  784 F.3d 105 (2d Cir. 2015)................................................................................ 15

*Gronowicz v. Leonard*
  109 F.R.D. 624 (S.D.N.Y. 1986) ........................................................................ 10

*Herman v. RSR Sec. Servs. Ltd.*
  172 F.3d 132 (2d Cir. 1999)................................................................................. 8

*Hernandez v. La Cazuela de Mari Restaurant, Inc.*
  538 F.Supp.2d 528 (E.D.N. Y. 2007) .................................................................... 8

*Irizarry v. Catsimatidis*
  722 F.3d 99 (2d Cir. 2013)............................................................................. 7, 8, 9

*Johnson & Johnson Consumer Companies, Inc. v. Aini*
  No. 02-CV-6624 DLI, 2009 WL 6055841 (E.D.N.Y. Dec. 1, 2009) ................................ 16

*Jones v. Bock*
  549 U.S. 199 (2007)........................................................................................ 11

*Kasten v. Saint-Gobain Performance Plastics Corp.*
  563 U.S. 1 (2011)............................................................................................ 15

*Lambert v. Genese Hosp.*
  10 F.3d 46 (2d Cir. 1993).................................................................................. 15

*Leon v. Port Washington Union Free Sch. Dist.*
  49 F. Supp. 3d 353 (E.D.N.Y. 2014) ................................................................... 12

*Litras v. PVM Int'l Corp.*
  No. 11-CV-5695, 2013 U.S. Dist. LEXIS 116236 (E.D.N.Y. Aug. 15, 2013) ....................... 13
*Lundy v. Catholic Health System of Long Island Inc.*
  711 F.3d 106 (2d Cir. 2013) ................................................................................... 12
*Moon v. Kwon*
  248 F.Supp.2d 201 (S.D.N.Y. 2002) ....................................................................... 8
*Nakahata v. New York-Presbyterian Healthcare Sys.*
  Nos. 11-CV-6658 PAC, 11-CV-6657 PAC, 11-CV-6366 PAC, 2012 U.S. Dist. LEXIS 127824
  (S.D.N.Y. September 6, 2012) ................................................................................. 9
*Nakahata v. New York-Presbyterian Healthcare System, Inc.*
  723 F.3d 192 (2d Cir. 2013) ................................................................................... 12
*Perry v. City of New York*
  No. 13-CV-1015, 2013 U.S. Dist. LEXIS 177396 (S.D.N.Y. Dec. 17, 2013) ........................ 13
*Reiseck v. Universal Commc'ns of Miami, Inc.*
  591 F.3d 101 (2d Cir. 2010) ................................................................................... 11
*Sampson v. MediSys Health Network, Inc.*
  No. 10-CV-1342 SJF ARL, 2012 WL 3027850 (E.D.N.Y. Feb. 9, 2012) ........................... 7, 9
*Spiteri v. Russo*
  No. 12-CV-2780, 2013 U.S. Dist. LEXIS 128379 (E.D.N.Y. Sept. 7, 2013) ........................ 14
*Swierkiewicz v. Sorema N. A.*
  534 U.S. 506 (2002) ............................................................................................. 6
*Tracy v. NRV, Inc.*
  667 F. Supp. 2d 244 (S.D.N.Y. 2009) ...................................................................... 10
*Trinidad v. Pret A Manger (USA) Ltd.*
  962 F. Supp. 2d 545 (S.D.N.Y. July 11, 2013) ........................................................... 13
*Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*
  No. 08-CV-6519 PKC, 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009) ................................... 8
*Young v. Cooper Cameron Corp.*
  586 F.3d 201 (2d. Cir. 2009) ................................................................................. 11

**Other Authorities**
ABA Formal Op. 146 (1935) ....................................................................................... 16

**Regulations**
Individual Rules & Practices in Civil Cases, Vernon S. Broderick, United States District Judge,
  Section 4 ............................................................................................................. 16
N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2. ............................................................ 11

**Statutes**
28 U.S.C. § 1927 ............................................................................................... 2, 17
29 U.S.C. § 207 ................................................................................................... 11

Plaintiffs Paulino de la Cruz and Juventino Ramos (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint brought by Defendants Trejo Liquors, Inc. d/b/a Trejo Liquors and Wines ("Trejo Liquors" or "Corporate Defendant") and Johanny Trejo ("Ms. Trejo" or "Defendant Trejo") (collectively, "Defendants") and in Support of Plaintiff's Cross Motion to Strike.

## PRELIMINARY STATEMENT

Defendants' frivolous Motion to Dismiss (the "Motion") misstates the law and alters or deliberately omits the salient facts in the First Amended Complaint ("FAC") (attached to the Declaration of Walker G. Harman, Jr. ("Harman Decl."), dated September 29, 2016, as Exhibit A). Therefore, the Court should deny the Motion. Plaintiff further seeks to strike the Motion in its entirety and seeks sanctions.

First, Plaintiffs allege individualized and specific details that establish that Defendant Johanny Trejo was their employer. Ms. Trejo assumed control of Trejo Liquors after her husband's death; she was the only management-level employee at Trejo Liquors; her last name is the name of the corporate entity; she took complaints from Plaintiff de la Cruz; she misclassified Plaintiffs for tax reasons; she determined Plaintiffs' hours and rates of pay; and she terminated Plaintiff de la Cruz. These allegations are not conclusory and are more than sufficient to "nudge" Plaintiffs' claim "from conceivable to plausible." Defendants' "argument" simply ignores plain language in those paragraphs of the FAC that contain facts in support of the claims. This is a textbook example of sanctionable conduct. For this reason, Plaintiff seeks sanctions against Defendants for this frivolous motion practice.

Second, Plaintiffs allege individualized and specific details that establish that Defendants committed various wage and hour violations. Plaintiffs have alleged the weeks they worked, their weekly rate, the hours they worked, what they were paid, and the policy that resulted in their not being paid overtime and/or a basic minimum wage. Defendants' case law is completely inapposite to the allegations here and, in fact, frequently supports the denial of Defendants' motion to dismiss.

Third, Defendants utterly ignore U.S. Supreme Court and Second Circuit precedent that oral complaints to managers are sufficient to establish FLSA retaliation claims. By exclusively citing to decisions predating these seminal decisions, Defendants have grossly misrepresented the law to the Court. Defendants' repeated citations to and reliance upon case law that has been explicitly overruled is sanctionable.

Fourth, Defendants filed the Motion without first receiving leave from this Court. This Court's rules require a pre-motion conference before the filing of a dispositive motion. Motions filed without leave of court are regularly stricken in the Second Circuit. As a result, the Court should grant Plaintiff's Motion to Strike.

Fifth, by letter, Plaintiffs made Defendants aware that the Motion was objectively baseless as it ignored facts in the FAC and misrepresented the law; Plaintiffs insisted that Defendants withdraw their motion. (Harman Decl. ¶ 6, Ex. B, Ex. C.) However, Defendants refused to respond and, clearly, have failed to withdraw their motion. (Harman Decl. ¶ 9.) As such, the Court should sanction Defendants' counsel, both under the Court's inherent power and 28 U.S.C. § 1927.

Accordingly, the Court should deny the Motion to Dismiss, grant Plaintiffs' Motion to Strike, and sanction Defendants and their counsel.

## STATEMENT OF FACTS

The following facts are taken entirely from the FAC.

Trejo Liquors is a liquor store located on the Upper West Side of Manhattan. (FAC ¶ 11.) It sells a variety of national and international wines and spirits from companies engaged in interstate commerce, both in-store and by delivery to its customers. (FAC ¶ 11.) Trejo Liquors' gross volume of sales is in excess of five hundred thousand dollars ($500,000) per year. (FAC ¶ 11.)

Trejo Liquors hired Mr. de la Cruz in 1992. (FAC ¶ 13.) As an employee of Trejo Liquors, Mr. de la Cruz's responsibilities included checking out customers and stocking inventory. (FAC ¶ 14.) Trejo Liquors paid Mr. de la Cruz a weekly salary regardless of the number of hours he actually worked and did not pay him for hours worked in excess of forty (40) in a workweek at all, much less at the overtime premium rate. (FAC ¶ 16.) Trejo Liquors paid its employees, including Mr. de la Cruz, in cash. (FAC ¶ 17.) Trejo Liquors did not keep time records for hours worked by its employees, including Mr. de la Cruz. (FAC ¶ 18.)

During his employment, Mr. de la Cruz worked in excess of forty (40) hours per week in every week of his employment. (FAC ¶ 19.) From 1992 to May 2015, Mr. Trejo's standard workweek consisted of six (6) shifts of eight (8) hours per week, with no lunch break. (FAC ¶ 20.) As a result, during this period, Mr. de la Cruz worked forty-eight (48) hours per week over a six (6) day workweek. (FAC ¶ 21.) From 1992 to May 2015, Trejo Liquors paid Mr. de la Cruz a salary of five hundred dollars ($500) per week; he was not paid hourly. (FAC ¶ 22.) At no point did Defendants tell Mr. de la Cruz that his weekly pay of five hundred dollars ($500) represented an hourly wage or took into account overtime pay. (FAC ¶ 23.) If Mr. de la Cruz was sick, worked late, or missed time, his weekly pay did not change. (FAC ¶ 24.)

3

In and around June 2015, Ms. Trejo became the owner of Trejo Liquors. (FAC ¶ 25.)  As Trejo Liquors' owner, Ms. Trejo took over the operations of the business.  Among other things, she directed its employees; assigned them tasks and responsibilities; made hiring and firing decisions; negotiated, decided, and paid employees' wages; worked on site; set workers' hours and schedules; made tax decisions; and, upon information and belief, reviewed Trejo Liquor's finances and made purchasing decisions.  (FAC ¶ 26.)  Ms. Trejo was the only management-level employee at Trejo Liquors after her husband's passing; her last name is also the company name. (FAC ¶ 27.)

For three (3) weeks in June, Mr. de la Cruz worked eight (8) hours on his regular shift before returning later in the day to work an additional five (5) hours (Monday through Thursday) or six (6) hours (Friday through Saturday).  This resulted in three (3) weeks where Mr. de la Cruz worked sixty-seven (67) hours per week.  (FAC ¶ 28.)  During the first of these two (2) weeks of June, Trejo Liquors paid Mr. de la Cruz a salary of six hundred dollars ($600) per week.  (FAC ¶ 29.)  During the third week, Trejo Liquors paid Mr. de la Cruz a salary of seven hundred dollars ($700) per week; he was not paid hourly.  (FAC ¶ 29.)  After these three (3) weeks in June 2015 through his termination in February 2016, Mr. de la Cruz worked fifty-four (54) hours per week. (FAC ¶ 30.)  After the three (3) week period in June 2015 through his termination in February 2016, Trejo Liquors paid Mr. de la Cruz a salary of five hundred and fifty dollars ($550) per week; he was not paid hourly.  (FAC ¶ 31.)

Now working in excess of fifty (50) hours a week, Mr. de la Cruz complained to Ms. Trejo that he was not being paid for overtime work at the overtime rate for the long hours he was working and that Ms. Trejo had misclassified his employment as exempt for tax purposes.  (FAC ¶ 32.)  Mr. de la Cruz continued to complain during the rest of his employment, insisting that

Ms. Trejo pay him overtime or shorten his hours and that she correctly classify his employment with Trejo Liquors. (FAC ¶ 33.) Shortly after his final complaint, on or about February 4, 2016, Trejo Liquors terminated Mr. de la Cruz in retaliation for his complaints about Trejo Liquor and Ms. Trejo's failure to pay overtime. (FAC ¶ 34.) Ms. Trejo told Mr. de la Cruz that she was terminating him for stealing inventory; however, Ms. Trejo did not have any evidence that Mr. de la Cruz stole anything—as he, in fact, did not. (FAC ¶ 35.) Mr. de la Cruz vehemently denied the allegation. (FAC ¶ 36.)

Trejo Liquors hired Mr. Ramos in 2002. (FAC ¶ 39.) As an employee of Trejo Liquors, Mr. Ramos's responsibilities included checking out customers and stocking inventory. (FAC ¶ 40.) Trejo Liquors paid Mr. Ramos a weekly salary regardless of the number of hours he actually worked; Trejo Liquors did not pay him for hours worked in excess of forty (40) hours per week at all, much less at the overtime premium rate. (FAC ¶ 42.) Trejo Liquors paid its employees, including Mr. Ramos, in cash. (FAC ¶ 43.) Trejo Liquors did not keep time records for hours worked by its employees, including Mr. Ramos. (FAC ¶ 44.)

During his employment, Mr. Ramos worked in excess of forty (40) hours per week in every week of his employment. (FAC ¶ 45.) From 2002 to May 2015, Mr. Ramos regularly worked a forty-four (44) hour workweek. (FAC ¶ 46.) From 2002 to May 2015, Trejo Liquors paid Mr. Ramos a salary of two hundred and twenty dollars ($220) per week, without any lunch break, which amounts to a rate of pay less than federal and New York minimum wage rates; he was not paid hourly. (FAC ¶ 47.) In June 2015, Trejo Liquors paid Mr. Ramos a salary of four hundred and fifty dollars ($450) per week, working the same schedule; he was not paid hourly, and Defendants did not indicate that his weekly salary represented an hourly rate or overtime

pay.  (FAC ¶ 48.)  Defendants never paid Mr. Ramos additional overtime pay for hours worked over forty (40) in a workweek.  (FAC ¶ 49.)

On September 20, 2016, Plaintiffs sent a safe harbor letter to Defendants' counsel informing them of the frivolousness of the Motion.  (Harman Decl. ¶ 6, Ex. B and C.) Defendants' counsel has refused to respond to the safe harbor letter, let alone withdraw the Motion.  (Harman Decl. ¶ 9.)

## STANDARD

Defendants move to dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide the grounds upon which the claims rest through factual allegations sufficient to raise a right to relief above the speculative level.  *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Supreme Court has described the Rule 12(b)(6) standard as encompassing a "two-pronged approach" that requires a court first to accept all factual allegations of the complaint as true and construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff.  *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009); *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009).  Second, a court must consider whether the complaint "states a plausible claim for relief," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,* 556 U.S. at 663.  Unless a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," the complaint should not be dismissed.  *Bancorp Services, LLC & Addle Management LLC, v. American General Life Insurance Company*, No. 14-CV-9687 (VEC), 2016 WL 4916969, at *5 (S.D.N.Y. Feb. 11, 2016).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ARGUMENT

As shown below, the Court should deny the Motion because Plaintiffs have adequately pled (1) that Defendant Trejo controlled Trejo Liquors, (2) wage and hour violations, and (3) a retaliation claim. Further, the Court should grant Plaintiffs' motion to strike because Defendants filed the Motion without leave of court.

### POINT I
### THE FAC MUST NOT BE DISMISSED AS AGAINST DEFENDANT TREJO BECAUSE PLAINTIFFS HAVE ALLEGED FACTS DEMONSTRATING THAT SHE CONTROLLED TREJO LIQUORS AND THEREFORE WAS PLAINTIFFS' EMPLOYER.[1]

The purpose of the FLSA is not to punish an employer, but to remunerate aggrieved employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 116 (2d Cir. 2013). Considered in the context of the expansive interpretation that courts have afforded the FLSA, this policy reasoning particularly favors the finding that Plaintiffs have alleged facts supporting that Ms. Trejo was their employer, as shown below.

**A.** ***Ms. Trejo was Plaintiffs' employer when she took control of Trejo Liquors after her husband's passing.***

"Both the FLSA and the NYLL impose financial liability on employers who violate the ... overtime provisions." *Sampson v. MediSys Health Network, Inc.*, No. CV 10-1342 SJF ARL, 2012 WL 3027850, at *10 (E.D.N.Y. Feb. 9, 2012), *report and recommendation adopted as*

---

[1] Although the heading in Defendants' brief seems to imply that Defendants have argued that the Corporate Defendant was not Plaintiffs' employer, nowhere in that section is there any such argument. As such, Defendants have waived that argument. If Defendants for the first time make that argument on reply, Plaintiffs seek to file a sur-reply.

*modified,* No. 10-CV-1342 SJF ARL, 2012 WL 3027838 (E.D.N.Y. July 24, 2012). To

determine whether an employer-employee relationship exists, "the overarching concern is

whether the alleged employer possessed the power to control the workers in question with an eye

to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*,

172 F.3d 132, 139 (2d Cir. 1999) (citation omitted). Under the "economic reality" test, the

factors relevant in determining whether an employment relationship exists include "whether the

alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled

employee work schedules or conditions of employment, (3) determined the rate and method of

payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104

(2d Cir. 2013). These factors are not exclusive, and no one factor is dispositive. *Id.* at 105. The

same analysis that applies to FLSA claims also applies to claims brought under the NYLL. *Xue

Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08 Civ. 6519 (PKC), 2009 WL 976835, at *2

(S.D.N.Y. Apr. 9, 2009).

"Courts have consistently held that 'a corporate officer with operational control of a

corporation's covered enterprise is an employer along with the corporation, jointly and severally

liable under the FLSA for unpaid wages.'" *Hernandez v. La Cazuela de Mari Restaurant. Inc.*,

538 F.Supp.2d 528, 534 (E.D.N. Y. 2007) (quoting *Moon v. Kwon*, 248 F.Supp.2d 201, 237

(S.D.N.Y. 2002)). A person exercises operational control over employees if his or her role

within the company and the decisions it entails directly affect the nature or conditions of the

employees' employment. *Irizarry*, 722 F.3d at 110.

Plaintiffs have satisfactorily alleged that Ms. Trejo "possessed the power to control"

Plaintiffs after her husband's passing. In addition to paragraph 26 of the FAC, to which

Defendants cite, Plaintiffs further alleges in the FAC facts that establish that Ms. Trejo was their

employer: she took control over Trejo Liquors after her husband's death; she was the only owner and management-level employee at Trejo Liquors; she heard Plaintiffs' complaints; she classified Plaintiffs' employment as exempt from overtime laws; she determined Plaintiffs' hours and rates of pay; and she terminated Plaintiff de la Cruz. (FAC ¶¶ 27, 32, 33, 35). Although nothing in the FLSA itself requires an individual to have been personally complicit in FLSA violations, *Irizarry v. Casimatidis*, 722 F.3d 99, 110 (2d Cir. 2013), here, Plaintiffs have gone so far as to allege specific details demonstrating that Ms. Trejo was personally responsible for several of the FLSA violations in the FAC.[2] As such, there is no question that Ms. Trejo had control over Plaintiffs and therefore was their employer.

None of Defendants' cases are on point, as they all deal with cases where plaintiffs did not allege any facts demonstrating that defendants exercised controlled over plaintiffs, unlike here. *Gisomme v. Healthex Corp.*, CV 13-2541 (LDW) (WDW), 2014 U.S. Dist. LEXIS 67588 (E.D.N.Y. May 15, 2014) (dismissing complaint where allegations against individual lack any specificity or examples of exercise of control); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 11 Civ. 6658 (PAC), 11 Civ. 6657 (PAC), 11 Civ. 6366 (PAC), 2012 U.S. Dist. LEXIS 127824 (S.D.N.Y. September 6, 2012) (dismissing complaint where plaintiffs have not shown that defendants had the power to hire and fire named plaintiffs, actually supervised and controlled their work, determined their rate of pay, or maintained employment records); *Sampson v. MediSys Health Network, Inc.*, CV 10-1342 (SJF)(ARL), 2012 U.S. Dist. LEXIS 103012 (E.D.N.Y. February 9, 2012) (dismissing complaint against individual defendants where court could not reasonably infer from these allegations that individual defendants had any direct role in

---

[2] Defendants' argument—that "Plaintiffs offer no supporting details to substantiate their belief other than each Defendants' job title"—fails totally. Def.'s Mem. p. 8. It not only ignores Plaintiffs' ample above-described details, but nowhere in the FAC do Plaintiffs even allege Defendant Trejo's title. In truth, it is Defendants who make "nothing more than formulaic recitations" in a futile attempt to connect the instant case with their mis-cited case law.

hiring or supervising plaintiffs, controlling their work schedules, or in setting their conditions of employment); *Tracy v. NRV, Inc.*, 667 F. Supp. 2d 244 (S.D.N.Y. 2009) (dismissing complaint against chief human resources officer in an "enormous, multi-billion dollar corporation scattered across hundreds of miles" where the only allegations against him were that he had the general authority to hire and/or fire employees, and that he maintained employee records, which were based solely on his title).

As described above, Plaintiffs' numerous allegations are more than sufficient to "nudge" their claim "from conceivable to plausible." *Bell Atl. Corp*, 550 U.S. at 570.

Accordingly, Plaintiffs have adequately pled that Ms. Trejo was Plaintiffs' employer from her husband's passing to the present.

**B.** ***It is premature for the Court to decide whether Ms. Trejo is a proper defendant with respect to those claims that accrued prior to her taking over Trejo Liquors because there has been no discovery as to whether her husband's estate has been distributed.***

Ms. Trejo's late husband, Santiago Trejo, was the owner and operator of Trejo Liquors for some of the relevant statutory period. Once Plaintiffs identify the holder of Mr. Trejo's legal liabilities, Plaintiffs intend to file a Second Amended Complaint naming the proper party or parties, if it turns out not to be Ms. Trejo.

That being said, there is no reason to believe that Mr. Trejo's entire estate was not distributed to his wife, Ms. Trejo. If so, then Ms. Trejo is liable under a successor of the estate theory. *See Graham v. Henderson,* 224 F.R.D. 59, 64 (N.D.N.Y.2004) (stating that "[a] successor of the deceased party is a 'distributee' of the decedent's estate if the decedent's estate has been distributed at the time the motion for substitution has been made"); *Gronowicz v. Leonard,* 109 F.R.D. 624, 626 (S.D.N.Y. 1986) (holding that "[a] distributee of an estate is a 'proper party' under Rule 25(a) if the estate of the deceased has been distributed at the time the

motion for substitution has been made").  As such, it would be premature for the Court to

dismiss this portion of the claims individually against Ms. Trejo.  A complaint need not

anticipate or attempt to defuse potential defenses, and failure to do so is not grounds for

dismissal.  *Gomez v. Toledo,* 446 U.S. 635, 640 (1980); *see Jones v. Bock,* 549 U.S. 199, 215

(2007) (holding that a motion to dismiss should be denied where a defense does not clearly

prevent all conceivable recovery on the underlying claim).

Accordingly, claims accruing prior to Ms. Trejo's taking control of Trejo Liquors should

not be dismissed against Ms. Trejo.

## POINT II
### PLAINTIFFS' FLSA AND NYLL WAGE AND HOUR CLAIMS SHOULD NOT BE DISMISSED BECAUSE PLAINTIFFS HAVE ALLEGED PLAUSIBLE WAGE AND HOUR VIOLATIONS.[3]

"Under the FLSA, employees who work more than 40 hours per week must be

compensated for each hour worked over 40 'at a rate not less than one and one-half times the

regular rate at which he is employed.'"  *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 204 (2d.

Cir. 2009) (quoting 29 U.S.C. § 207(a)(1)).  NYLL provides that "[a]n employer shall pay an

employee for overtime at a wage rate of one and one-half times the employee's regular rate in the

manner and methods provided" in the FLSA.  N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2.

As the NYLL employs similar standards to and relies on the FLSA, such claims are often

analyzed together.  *See Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d

Cir. 2010).

---

[3] Although Defendants' heading claims that plaintiffs have failed to plead a minimum wage claim, the only minimum wage argument pertains to Ms. Trejo's individual liability.  As such, Defendants have waived that argument with respect to the Corporate Defendant.  If Defendants for the first time make that argument on reply, Plaintiffs will seek leave to file a sur-reply.

The Second Circuit addressed the pleading requirements for overtime claims under the FLSA in *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013), where it held that plaintiffs must simply "allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Id.* at 114.

Following the *Lundy* standard, the Second Circuit also affirmed the dismissal of FLSA overtime claims in *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir. 2013), and *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013), reasoning in *Nakahata* that the complaint lacked "any allegation that Plaintiffs were scheduled to work forty hours in a given week," *Nakahata*, 723 F.3d at 201, and in *DeJesus* that the plaintiff merely "repeated the language of the [FLSA]," without "estimat[ing] her hours in any or all weeks or provid[ing] any other factual context or content," 726 F.3d at 89. Summarizing the holding in *Lundy*, the *Dejesus* court stated that the allegations there "failed because of arithmetic: tallying the plausible factual allegations, [the court] could not get beyond forty hours in any given week, and therefore to a plausible claim for overtime." *Id.* at 88-89.

A plaintiff states an overtime claim where he alleges that he regularly worked in excess of forty (40) hours per week and sufficiently describes the pattern of his uncompensated overtime work. *Leon v. Port Washington Union Free Sch. Dist.*, 49 F. Supp. 3d 353, 357–58 (E.D.N.Y. 2014). To satisfy this standard, plaintiffs are not required to keep careful records and plead their hours with mathematical precision—which Plaintiffs here have all but done—but only to draw on their memories and experiences that led them to claim in federal court that they have been denied overtime in violation of the FLSA. *DeJesus*, 726 F.3d 85, at 90.

Determining whether a plausible claim has been pled is a context-specific task. *DeJesus*, 726 F.3d, at 88. Where a complaint does no more than simply copy the statutory language of the

FLSA, a motion to dismiss should be denied.  *See also Id.* at 89 (dismissing complaint where the court concluded that the complaint was a copy and paste of the FLSA).

Here, Plaintiffs made a plausible claim for wage and hour violations of the FLSA and NYLL.  Plaintiffs have alleged the weeks they worked, their weekly rate of pay, the hours they worked, what they were actually paid, and the policy—Defendants' misclassification of Plaintiffs' employment as exempt from overtime pay—that resulted in them being paid less than to what they are entitled (FAC ¶¶ 28 – 48).  Plaintiffs have established that they regularly worked in excess of forty (40) hours per week and sufficiently describe the pattern of their overtime, uncompensated work.

Courts routinely deny motions to dismiss complaints containing details comparable to those in the FAC.  *See, e.g., Perry v. City of New York*, No. 13-cv-1015, 2013 U.S. Dist. LEXIS 177396, at *45-46 (S.D.N.Y. Dec. 17, 2013) (denying motion to dismiss where plaintiffs alleged to have worked 40 hours of work in a given workweek, as well as some uncompensated time in excess of the 40 hours); *Litras v. PVM Int'l Corp.*, No. 11-cv-5695, 2013 U.S. Dist. LEXIS 116236, at *20-21 (E.D.N.Y. Aug. 15, 2013) (same); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, at *27-28 (S.D.N.Y. July 11, 2013) (denying motion to dismiss where plaintiff worked 45 hours per week during the relevant time period and was not paid the appropriate overtime premium).[4]

With respect to Defendants' "supporting authority," the first case actually supports Plaintiffs' position, while the second is inapposite.

*Bustillos v. Academy Bus LLC,* No. 13 Civ. 565 (AJN), 2014 U.S. Dist. LEXIS 3980

---

[4] It is troubling that Defendants do not mention these cases, as they can all be found in *Bustillos v. Academy Bus LLC,* No. 13 Civ. 565 (AJN), 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014), a decision to which Defendants cite.

(S.D.N.Y. Jan. 13, 2014), undermines Defendants' Motion. In *Bustillos*, the court held that there should be sufficient factual allegations whereby a court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation, as here.

In *Spiteri v. Russo*, No. 12-cv-2780, 2013 U.S. Dist. LEXIS 128379 (E.D.N.Y. Sept. 7, 2013), a 71-page opinion, the court dismissed a *pro se* plaintiff's bombardment of claims, in the middle of which an FLSA claim was buried. *Spiteri* is inapplicable here. First, the plaintiff did not specify when any uncompensated hours were worked. *Id* at *209. Second, the plaintiff pled that defendants paid him for at least some hours worked in excess of forty (40) hours in a week, leaving the court unable to determine which hours were not paid and whether any unpaid hours qualify for overtime payment. *Id.* at *211. Third, the court held that regardless of the plaintiff's deficient pleading, he could not sustain an FLSA claim because he was an independent contractor. *Id.* at *213. None of the relevant facts cited in *Spiteri* exist in the instant case.

The bottom line is that Plaintiffs have alleged with a sufficient degree of clarity that Defendants failed to compensate them for hours worked in excess of forty (40) hours in a week at the overtime premium rate due to their illegal wage scheme.

Accordingly, Plaintiffs have sufficiently stated claims for FLSA and NYLL wage and hour violations.

## POINT III
## THE RETALIATION CLAIM SHOULD NOT BE DISMISSED, AS PLAINTIFF DE LA CRUZ MADE COMPLAINTS SATISFYING THE *KASTEN* AND *GREATHOUSE* STANDARDS.[5]

In *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 17 (2011), the U.S. Supreme Court held that the anti-retaliation provision of the FLSA protects oral as well as written complaints of FLSA violations. Plaintiff de la Cruz made such oral comments on numerous occasions. Defendants, however, ignored this case. Indeed, they did not cite *Kasten* at all in their Motion and instead cite only pre-*Kasten* decisions. But even more concerning is Defendants' citation to *Lambert v. Genese Hosp.*, 10 F.3d 46, 56 (2d Cir. 1993), which was overruled by *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105 (2d Cir. 2015):

> Therefore, today, we overrule *Lambert* to the extent it holds that section 215(a)(3) requires an employee to have filed a complaint with a government agency as a predicate for an FLSA retaliation claim. We conclude that an employee may premise a section 215(a)(3) retaliation action on an oral complaint made to an employer, so long as—pursuant to *Kasten*—the complaint is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."

*Id.* at 107. *Lambert* is bad law.

Plaintiff de la Cruz pled that he made numerous complaints to Defendant Trejo about not being paid overtime for hours worked in excess of forty (40) in a work week. Under *Kasten* and *Greathouse*, his allegations are more than sufficient to "nudge" his claim that he made protected complaints "from conceivable to plausible." *Bell Atl. Corp.* 550 U.S. at 570.

Accordingly, Plaintiff de la Cruz has satisfactorily alleged a retaliation claim under the FLSA.

---

[5] Although Defendants' heading seems to imply that Plaintiff de la Cruz's retaliation claim under the NYLL should be dismissed, there is no argument to dismiss the NYLL claim. As such, Defendants have waived that argument. If Defendants for the first time make that argument on reply, Plaintiffs will seek leave to file a sur-reply.

## POINT IV
### THE COURT SHOULD STRIKE DEFENDANTS' MOTION, AS THEY FILED IT WITHOUT FIRST RECEIVING LEAVE FROM THIS COURT.

Defendants filed the Motion without first receiving leave from the Court. Therefore, the Court should strike it. On July 28, 2016, Defendants filed a pre-motion letter, requesting a pre-motion conference in anticipation of the instant motion. (Docket No. 11.) The Court denied Defendants' request. (Docket No. 13.) On August 18, 2016, Plaintiffs filed the FAC, at which time Defendants were required to answer the FAC or file a letter renewing their application for a pre-motion conference. *See* Individual Rules & Practices in Civil Cases, Vernon S. Broderick, United States District Judge, Section 4. Motions ("a pre-motion conference with the Court is required before making a motion"). The Court never held a pre-motion conference; as such, Defendants were not entitled to file the Motion.

Motions filed without leave of court are regularly stricken in the Second Circuit. *See, e.g.*, *Johnson & Johnson Consumer Companies, Inc. v. Aini*, No. 02-CV-6624 (DLI), 2009 WL 6055841, at *11 (E.D.N.Y. Dec. 1, 2009), *report and recommendation adopted,* No. 02-CV-6624(DLI)(RLM), 2010 WL 986550 (E.D.N.Y. Mar. 17, 2010) ("[a]ny motion filed without the permission of the court ... will be summarily stricken."). Accordingly, since Defendants filed the Motion without leave in an attempt to thwart this Court's case management rules, the Court should strike the Motion.

## POINT V
### DEFENDANTS SHOULD BE SANCTIONED FOR PLAINTIFFS' ATTORNEYS' FEES WITH RESPECT TO OPPOSING THE MOTION.

A lawyer is an officer of the court. His obligation to the public is no less significant that his obligation to his client. His oath binds him to the highest fidelity to the court as well as to his client. It is his duty to aid the court in the due administration of justice.

ABA Formal Op. 146 (1935).

Defendants misrepresented the FAC by ignoring numerous specific allegations made therein. Defendants have misrepresented the law by failing to mention *Kasten v. Saint-Gobain Performance Plastics Corp.* or *Greathouse v. JHS Sec. Inc.*, and citing the overruled *Lambert.* When confronted with binding and pertinent authority, litigants may attempt to distinguish it, construe it favorably, or argue that it should be overturned, but they may not ignore it. *Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931, 934 (7th Cir. 2011) (J. Posner). "The ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless." *Id.*

Here, Defendants have ignored the Supreme Court's and Second Circuit's holdings that oral complaints to a supervisor suffice to satisfy the FLSA anti-retaliation provision and have wholly disregarded relevant portions of the FAC. Certainly, they have violated their duty of candor before this Court and should be appropriately sanctioned for it. And Defendants' counsel's misconduct has, without doubt, unreasonably multiplied these proceedings. 28 U.S.C. § 1927. As such, Defendants' counsel should pay Plaintiffs' fees and costs for filing this opposition.

## CONCLUSION

This motion is frivolous. Defendants ignored this Court's rules, the allegations in the FAC, and Supreme Court and Second Circuit precedent. When Plaintiffs informed them of this, they ignored Plaintiffs' letter, as well. The Court should deny Defendants' Motion and—to get his attention—sanction their counsel.[6]

[SIGNATURE ON FOLLOWING PAGE]

---

[6] Although Rodriguez Law, P.C., should be sanctioned, Defendants themselves should not. In this instance, there is no reason why Defendants should have to pay for the sins of their attorney.

Dated: New York, New York
September 29, 2016

By: _Walker G. Harman Jr._

Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
220 Fifth Ave., Suite 900
New York, New York 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com
*Attorneys for Plaintiffs*