IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULINO DE LA CRUZ and JUVENTINO RAMOS,

    Plaintiffs,

    v.

TREJO LIQUORS, INC. d/b/a TREJO LIQUORS AND WINES and JOHANNY TREJO,

    Defendants.

No. 16-cv-4382 (VSB)

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
AND IN OPPOSITION TO PLAINTIFFS' CROSS MOTION TO STRIKE**

Defendants Trejo Liquors, Inc. d/b/a Trejo Liquors and Wines and Johanny Trejo respectfully submit this reply brief in further support of their motion to dismiss Plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) and in opposition to Plaintiff's cross motion to strike.

**PRELIMINARY STATEMENT**

Despite taking a second bite at the apple with the FAC, Plaintiffs have failed to adequately plead that Defendant Ms. Trejo is an "employer" as they have offered only a paraphrased version of the formulaic recitation of the economic realities test, which courts in the Second Circuit have consistently rejected as insufficient. Additional allegations raised in Plaintiffs' opposition offer nothing more than legal conclusions, additional paraphrasings of the economic realities test, or do not contribute anything to the analysis.

Alternatively, the clear language of Plaintiffs' own allegations in the FAC requires the dismissal of all claims against Ms. Trejo individually for the period before she assumed control of the liquor store in June 2015 due to the death of her husband, Santiago Trejo. The FAC states clearly that Defendant Ms. Trejo entered the picture and assumed control of the liquor store only

in June 2015 – as such she cannot be held to be an employer for the period prior to June 2015. Dismissing claims again Ms. Trejo individually prior to June 2015 would streamline the issues in this case considerably, would greatly facilitate settlement and discovery, would serve judicial economy, and result in a more expeditious resolution in this action.

Plaintiff Mr. Ramos has failed to adequately plead overtime violations as the Second Circuit has rejected such claims as insufficiently pled where the allegations is that plaintiff "regularly worked" more than forty hours a week.

In addition to and/or alternatively, Plaintiff Mr. Ramos' minimum wage claim should be dismissed on its face with respect to Ms. Trejo individually given that there can be no minimum wage violation from the time she assumed control of the liquor store in June 2015 as she paid him $450 for 44 hours of work.

Plaintiff Mr. De La Cruz has failed to adequately plead his FLSA retaliation claim given that the FAC makes absolutely no factual allegations whatsoever regarding why his complaints were "sufficiently clear or detailed for a reasonable employer to understand his complaint, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."

Defendants' motion should not be stricken as Defendants requested a pre-motion conference and it was actually Plaintiffs who requested that "the parties need not take the court's time with pre-motion conferences." Defendants filed its motion to dismiss the FAC based on Plaintiffs' counsel's own stated desire to forego the pre-motion conference which the court granted.

Plaintiffs request for sanctions should be denied as contrary to their claims, in their brief Defendants did in fact clearly state that its position was *not* that the complaints should be

dismissed because they were oral, but because the FAC as alleged was not sufficiently clear and detailed for a reasonable employer to understand his complaint, light of both content and context, as an assertion protected by the statute and a call for their protection – indeed, this is *exactly* the legal standard provided in *Kasten* and *Greathouse*.

## ARGUMENT

### I. PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD THAT DEFENDANT MS. TREJO IS AN "EMPLOYER"

#### A. PLAINTIFFS' ALLEGATIONS ARE EITHER CONCLUSLORY OR MERE FORMULAIC RECITATIONS OF THE ECONOMIC REALITIES TEST AND ARE THEREFORE INSUFFICIENT

Plaintiffs' threadbare, boilerplate, conclusive allegations in the First Amended Complaint continue to be insufficient and fails to adequately plead that Defendant Ms. Trejo is their "employer" under the FLSA and case law. As discussed in more detail below, Courts within the Second Circuit have required that Plaintiffs must provide sufficient non-conclusory factual content beyond a formulaic recitation of and paraphrasing of the economic realities test in the complaint, and must do so beyond a speculative level, and not based "upon information and belief," as Plaintiffs have continued to do in the First Amended Complaint. Paraphrasing boilerplate allegations that an individual meets the various prongs of the economic reality test is insufficient to survive a motion to dismiss.

With respect to factual content alleging that Defendant Ms. Trejo is an "employer," the FAC alleges in formulaic, conclusive fashion that she:

- "directed its employee's responsibilities [and] assigned them tasks" – prong two of the economic realities test which reads "supervised and controlled employee work schedules;"
- "made hiring and firing decisions" – prong one of the economic realities test which reads "had the power to hire and fire employees;"

3

- "gave workers their pay, negotiated and decided employees' wages" – prong three of the economic realities test which reads "determined the rate and method of payment."

(FAC ¶ 26).

In response, Plaintiffs' opposition states several additional allegations – however, each of these merely indicate that Plaintiffs allege that Ms. Trejo should somehow now be held liable for wage and hour violations for a business she inherited from her deceased husband. At no point, can Plaintiffs allege that the wage and hour policies which allegedly violate the FLSA and NYLL are her doing. To the contrary, taking all allegations in the Complaint as true as we must on a motion to dismiss – the opposite conclusion is reached. Indeed, as explained further below, notably, after the passing her husband Defendant Ms. Trejo immediately increased their compensation from $500 to $600-$700 during the three week transition period with additional hours, and then $550 afterwards for Plaintiff Mr. de la Cruz (FAC ¶ 22, 29, 31), and from $220 per week to $450 per week for Plaintiff Mr. Ramos (FAC ¶ 47-48).

For example and in response to Plaintiff's opposition, stating that Ms. Trejo "took control over Trejo Liquors after her husband's death" (FAC ¶ 27) is a legal conclusion, as that is what Plaintiffs seek to allege in general, namely "control."

That she was "the only owner and management-level employee at Trejo Liquors" (FAC ¶ 27) is also insufficient as "several courts in the Second Circuit have found that an ownership interest coupled even with a role in supervising employees is not sufficient to sustain individual FLSA liability." *Tapia v. Blch 3rd Ave. LLC*, 14-cv-8529 (AJN), 2016 WL 4581341 at *8 (S.D.N.Y. September 1, 2016); citing *Salinas v. Starjem Restaurant Corp.*, 123 F. Supp. 3d 442, 450-51, 464 (S.D.N.Y. 2015)( court held that the CEO and majority shareholder of a restaurant was not a FLSA "employer" of the restaurant's staff even though she was in the restaurant daily acting as a hostess and would instruct the staff as part of that role ); *Juarez v. Precision Apparel, Inc.*, No.

12-CV-2349 ARR VMS, 2013 WL 5210142, at *7 (E.D.N.Y. Sept. 13, 2013) (adopting report and recommendation) (supervisor with an ownership interest in the business was not an FLSA employer).

The allegation that Defendant Ms. Trejo "heard Plaintiffs' complaints" does not contribute anything to further Plaintiffs' cause as anyone can "hear complaints."

Plaintiff's allegation that Ms. Trejo "classified Plaintiffs' employment as exempt from overtime laws" (FAC ¶ 32) is misleading based on the FAC's other allegations – Ms. Trejo inherited the liquor store and with it, the pay practices and wage and hour policies after her husband passed away in June 2015. Stated differently, the FAC does not nor can it allege that Ms. Trejo set or determined wage and hour terms for the overwhelming majority of the disputed employment period.[1]

That she determined Plaintiffs' hours and rates of pay are also just a recitation of the economic realities test without any factual substance. The only allegation which provides an actual fact is that she terminated Plaintiff Mr. de la Cruz, however, this alone is not sufficient or dispositive on the issue.

### B. ALTERNATIVELY, THE COURT SHOULD DISMISS ALL FLSA AND NYLL CLAIMS AGAINST MS. TREJO INDIVIDUALLY FOR THE PERIOD BEFORE SHE ASSUMED CONTROL OF THE LIQUOR STORE IN JUNE 2015

Alternatively, the Court should enter an Order dismissing all claims in the FAC under the FLSA and NYLL for the period *before* the FAC alleges Defendant Ms. Trejo assumed control of the liquor store in June 2015. Doing so would streamline the issues in this case considerably, would greatly facilitate settlement and discovery, would serve judicial economy, and result in a more expeditious resolution in this action. Even in Plaintiffs' own words, taking everything they

---

[1] To be fair to Plaintiff, as discussed, Defendant Ms. Trejo increased each Plaintiff's compensation when she allegedly assumed control, which would be for the final 9 months of Plaintiff Mr. de la Cruz's employment period.

say as true as we must on a motion to dismiss, Plaintiffs' have not, nor can they, allege that Ms. Trejo, individually, was an FLSA employer prior to June 2015. Indeed, as the FAC articulates, she did not even enter the picture until June 2015 with the recent passing away of her husband, Santiago Trejo.

Indeed, Plaintiff can point to no case in the FLSA wage and hour context where claims against the deceased spouse individually are somehow imputed to the surviving spouse when the surviving spouse had nothing to do with the business. In Plaintiffs' own words and allegations in the FAC, Defendant Ms. Trejo's alleged "operational control" over wage and hour issues commenced only after her husband passed away in June 2015. Plaintiff's reference to two estate law cases are inapposite as neither is in the FLSA or NYLL wage and hour context, where the analysis revolves, very specifically, around adequately pleading who was the individual "employer" and not on questions involving who was the successor of the estate. To the extent Plaintiff has claims against the corporate entity Trejo Liquors, he can proceed with those claims for the statutory periods.

Defendants therefore respectfully request that all claims be dismissed against Ms. Trejo individually from the period before June 2015.

## II. PLAINTIFF MR. RAMOS HAS FAILED TO ADEQUATELY PLEAD UNPAID OVERTIME AND MINIMUM WAGE CLAIMS

### A. Plaintiff Mr. Ramos' Overtime Claim Should Be Dismissed

At no point in Defendants' opening brief in support of its motion to dismiss do Defendants argue that overtime and minimum wage violations under the FLSA and NYLL should be dismissed with respect to Plaintiff Mr. de la Cruz. Indeed, all arguments are directed

towards the inadequacy of the pleadings with respect to Plaintiff *Mr. Ramos'* claims *only* and it is either an oversight or disingenuous for Plaintiff to say otherwise.[2]

As explained in Defendants' opening brief, Plaintiffs' FAC fails to adequately state a claim that the FLSA was violated with respect to overtime. To be clear, the allegations in the FAC on the overtime claims are that:

- During his employment, Mr. Ramos worked in excess of forty (40) hours per week in every week of his employment. (FAC ¶ 45); and

- From 2002 to May 2015, Mr. Ramos regularly worked a forty-four (44) hour workweek. (FAC ¶ 46).

In reaching its conclusion in *Dejesus*, part of the trilogy of cases which provides the pleading standard for FLSA overtime claims, the Second Circuit relied on and found persuasive a First Circuit case dismissing overtime claims where plaintiffs had alleged that they "regularly worked" more than forty hours a week and were not properly compensated:

> In this regard, Dejesus's claim is similar to one that the First Circuit recently confronted. There, the plaintiffs had alleged that they "regularly worked" more than forty hours a week and were not properly compensated. *Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir.2012). The court concluded that such a formulation was "one of those borderline phrases" that while not stating an "ultimate legal conclusion[ ]," was "nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual." *Id*. at 13 (internal quotation marks omitted). "Standing alone," the panel reasoned, the allegation was "little more than a paraphrase of the statute." *Id*. Like the allegations in *Iqbal*, the ones in *Pruell* were "too meager, vague, or conclusory" to survive a motion to dismiss. Id. (internal quotation marks omitted).

*DeJesus v. HF Management Services, LLC*, 726 F.3d 85, 89 (2d. 2013). Plaintiff Mr. Ramos' pleadings on his overtime claim have similar if not the same language and should similarly be

---

[2] Defendants' opening brief states "In this case, the First Amended Complaint fails to state a plausible claim that the FLSA was violated with respect to Plaintiff Mr. Ramos' allegations of unpaid overtime…" (Df. Br. at 8). It also states "Mr. Ramos' allegations fail to "provide some factual context that will nudge his claim from conceivable to plausible" and "Similarly, Mr. Ramos' minimum wage claim should be dismissed with respect to and as against Defendant Ms. Trejo individually." (Df. Br. at 9).

dismissed under the same reasoning articulated in *Pruell* and which formed the basis for the Second Circuit's holding in *Dejesus* on this point. Standing alone, such allegations are merely a paraphrase of the statute, too meager, vague, or conclusory to survive a motion to dismiss.

### B. Plaintiff Mr. Ramos' Minimum Wage Claim Should Be Dismissed With Respect to Defendant Ms. Trejo Individually

In addition to and/or alternatively, Plaintiff Mr. Ramos' minimum wage claim should be dismissed with respect to Defendant Ms. Trejo individually given that a review of the FAC indicates that there can be no minimum wage violation from the time Ms. Trejo assumed control of the liquor store in June 2015 (after the passing of her husband) as Plaintiff alleges Mr. Ramos was paid $450 per week while working the same schedule of 44 hours per week:

- Mr. Ramos alleges that from 2002 to May 2015, he worked forty-four (44) hours per week, and Trejo Liquors paid him $220 per week, without any lunch break. (FAC ¶ 46-47).
- However, Mr. Ramos alleges that Defendant Ms. Trejo only assumed control of the business in June 2015 (FAC ¶ 12, 25), at which point Mr. Ramos alleges that he was paid $450 per week while working the same schedule and 44 hours per week. (FAC ¶ 48).

Just as in the previous section, dismissing Mr. Ramos' minimum wage claims with respect to Ms. Trejo individually prior to her assuming control in June 2015, would streamline the issues in this case considerably, would greatly facilitate settlement and discovery, would serve judicial economy, and result in a more expeditious resolution in this action.

## III. PLAINTIFF MR. DE LA CRUZ'S HAS FAILED TO ADEQUATELY PLEAD HIS FLSA RETALIATION CLAIM AND IT SHOULD THEREFORE BE DISMISSED

Plaintiffs either misunderstood or intentionally misstate Defendants' argument with respect to Plaintiff Mr. De La Cruz's FLSA retaliation claim. Defendants are not contending that this claim should be dismissed *because it was oral*. As explained in Defendants' opening brief, the contention is that the FLSA retaliation claims should be dismissed as inadequately plead because:

> Plaintiff's alleged communication regarding his overtime pay lacked the formality required to put defendants on notice that plaintiff was asserting rights under the FLSA, and failed to inform defendants of any intent to institute an FLSA action […]. Plaintiff Mr. De La Cruz's retaliation claim fails because his complaint as alleged is not sufficiently clear and detailed for a reasonable employer to understand his complaint, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.

(Def. Br. at 9-10). In the two instances that Plaintiff Mr. De La Cruz references his complaint he takes issue with "being misclassified [in] his employment for tax purposes." (FAC ¶ 32-33). A reasonable, objective person may interpret this to be a complaint lodged with respect to taxation issues, rather than invoking the FLSA. Plaintiff's FAC makes absolutely no factual allegations whatsoever regarding why his complaints were "sufficiently clear or detailed for a reasonable employer to understand his complaint, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."

What Plaintiff avoids disclosing in an attempt to discredit Defendants' and its argument is that this language is actually culled directly from *Greathouse v. JHS Sec. Inc.,* 784 F.3d 105, 107 (2d. 2015) and *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1334 (2011) which emphasized this exact point, namely, that a section 215(a)(3) claim may be oral, however, provided that the complaint is sufficiently clear in light of both content and context:

> an employee may premise a section 215(a) (3) retaliation action on an oral complaint made to an employer, so long as—pursuant to *Kasten*—the complaint

> is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." 131 S.Ct. at 1335.

*Greathouse*, 784 F.3d at 107. Under the *Iqbal/Twombly* pleading standard, Plaintiff should be required to provide sufficient factual content of a complaint that is sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context , as an assertion of rights protected by the statute and a call for their protection. *Kasten*, 131 S. Ct. at 1335.

In *Dunn v. Sederakis*, the court granted defendants motion to dismiss on these very grounds, where plaintiff complained orally on three occasions of unpaid overtime, because "the [complaint] did not allege that [plaintiff] ever invoked the FLSA or accused [defendants] or its employees of illegality." 143 F.Supp.3d 102, 113 (S.D.N.Y. 2015).[3] More importantly, the court reasoned that "[b]ecause the complaint provided vanishingly little detail about [plaintiff's] oral complaints to [defendants'] personnel, a finder of fact could not find, on the facts pled, that her words were 'sufficiently clear and detailed…in light of both content and *context*' to convey that [plaintiff] was asserting her legal rights under the FLSA." *Id.* at 114.

Similarly, given the "vanishingly little detail" about Plaintiff's oral complaints, as well as the context of the complaints – that the overtime complaints were contemporaneously made with raising a misclassification for tax purposes, a fact finder could find that Plaintiff was raising tax issues rather than asserting legal rights under the FLSA.

---

[3] Courts dismissing complaints or granting summary judgment to defendants as to FLSA retaliation claims have appeared to require that the oral complaint have been "framed in terms of potential illegality" in order to constitute protected activity. *See Dunn v. Sederakis*, 143 F.Supp.3d 102,112 (S.D.N.Y. 2015) (collecting cases) including *e.g. Lasater v. Tex. A & M Univ.-Commerce*, 495 Fed.Appx. 458, 461 (5th Cir.2012); *Hernandez v. Praxair Distrib., Inc.,* No. 14 Civ. 1915, 2015 WL 789096, at *2 (S.D.Tex. Feb. 17, 2015); see *also Cotto v. John C. Bonewicz, P.C.,* No. 13 Civ. 842, 2015 WL 3609167, at *9 (N.D.Ill. June 9, 2015) (complaint to employer that "it was 'a little bit ridiculous' that she was asking him to work 12–16 hour days when he was paid 'only for eight hours' " was not sufficiently clear to constitute protected activity); *Manfield v. Alutiiq Int'l Solutions, Inc*., 851 F.Supp.2d 196, 206 (D.Me.2012) (not a protected activity to inquire about timesheet discrepancies without "voic[ing] an opinion" about legality).

In short, the FAC does not plead facts sufficient to alert Defendants to a claim of an FLSA violation, as necessary to meet the *Greathouse/Kasten* standard.

IV. **DEFENDANTS' MOTION SHOULD NOT BE STRIKEN AS DEFENDANTS REQUESTED A PRE-MOTION CONFERENCE AND IT WAS PLAINTIFFS WHO REQUESTED THAT "THE PARTIES NEED NOT TAKE THE COURT'S TIME WITH PRE-MOTION CONFERENCES"**

In accordance with Your Honor's Individual Rules, Defendants filed a pre-motion letter laying out various grounds in which Defendants wished to move to dismiss the Complaint and requesting a conference. [Dkt. No. 10]. In a letter dated August 3rd, 2016, Plaintiffs filed a brief letter in response via ECF acknowledging Defendants' request for a pre-motion conference with respect to its motion to dismiss, requesting that the Court allow Plaintiffs to submit its FAC, and requested that the parties forego the need for a pre-motion conference. [Dkt. No. 11]. The Court granted Plaintiffs' request on August 8th, 2016. [Dkt. No. 12]. Defendants filed its motion to dismiss the FAC based on Plaintiffs' counsel's own stated desire to forego the pre-motion conference which the court granted. It is improper for Plaintiffs to now claim that Defendants motion should be stricken as the Court "never held a pre-motion conference" because it was Plaintiffs themselves that asked the Court to forego such a conference.

V. **PLAINTIFFS' REQUEST FOR SANCTIONS SHOULD BE DENIED**

Plaintiffs request for sanctions should be denied as contrary to their claims, in their brief Defendants did in fact clearly state that its position was *not* that the complaints should be dismissed because they were oral, but because the FAC as alleged was not sufficiently clear and detailed for a reasonable employer to understand his complaint, light of both content and context, as an assertion protected by the statute and a call for their protection – indeed, this is *exactly* the legal standard provided in *Kasten* and *Greathouse*. *Kasten* overruled *Lambert* on the proposition that oral complaints may be adequate to state a claim for retaliation, but it did not dispense with

the requirement that an oral complaint must be sufficiently clear and detailed for a reasonable employer to understand his complaint, light of both content and context, as an assertion protected by the statute and a call for their protection – as Defendants' opening brief explained.

So there is no room for dispute on this point, the court in *Greathouse* held that even oral complaints must be sufficiently clear and detailed:

> Therefore, today, we overrule Lambert to the extent it holds that section 215(a)(3) requires an employee to have filed a complaint with a government agency as a predicate for an FLSA retaliation claim. We conclude that an employee may premise a section 215(a) (3) retaliation action on an oral complaint made to an employer, *so long as—pursuant to Kasten—the complaint is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."* 131 S.Ct. at 1335.

784 F.3d at 107 (emphasis added).

Moreover, as explained in detail above, Defendants provide more than sufficient legal support for the propositions that (1) the FAC does not adequately allege that Ms. Trejo individually is an employer, (2) that she was an employer prior to June 2015, (3) fails to adequately allege overtime for Mr. De La Cruz, and (4) and minimum wage violations for Mr. De La Cruz against Ms. Trejo individually.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss plaintiffs' FLSA and NYLL claims as explained above and as plead in the First Amended Complaint in their entirety, deny Plaintiffs' cross motion to strike and for sanctions, and grant any and all further relief as may be just and proper.

Dated:  New York, New York
        October 13, 2016

*/s/ Argilio Rodriguez, Esq.*
By: Argilio Rodriguez, Esq.
Rodriguez Law, P.C.

Empire State Building
350 Fifth Avenue, Suite 5909
New York, New York 10118
(212) 960-3305
[argilio@lawrodriguez.com](mailto:argilio@lawrodriguez.com)

*Attorney for Defendants*