November 21, 2016

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

Re:    *De la Cruz v. Trejo Liquors, Inc.*
       **16 Civ. 4382 (VSB)(DCF)**

Dear Judge Broderick:

The parties submit this joint letter in accordance with the Court's September 6, 2016 Order.  Each party has outlined their positions on each subject under their respective subheadings.

**1.    *A brief description of the nature of the action and the principal defenses thereto***

**Nature of the Action**

Plaintiffs Paulino De La Cruz ("Mr. De La Cruz") and Juventino Ramos ("Mr. Ramos") (hereinafter collectively referred to as "Plaintiffs") seek damages and costs against Defendants Trejo Liquors, Inc. d/b/a Trejo Liquors and Wines ("Trejo Liquors") and Johanny Trejo ("Ms. Trejo") (hereinafter collectively referred to as "Defendants") for failing to pay Plaintiffs at the overtime premium rate for hours worked in excess of forty (40) in a week. Additionally, Mr. Ramos seeks damages and costs against Defendants for failing to pay him the minimum wage.  Additionally, Mr. De La Cruz seeks damages and costs against Defendants for terminating his employment in retaliation for complaining of wage and hour violations.  All claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 and New York State Labor Laws ("NYLL"), N.Y. Lab. Law §§ 1–1200.

**Defenses**

This is a case about two plaintiffs, Paulino de la Cruz and Juventino Ramos, employed by Santiago Trejo at Trejo Liquors, Inc. Sadly, Mr. Trejo passed away on or about June 2015. Plaintiffs, through this action, now bring wage and hour claims against Mr. Trejo's wife, Johanny Trejo, now a widow, and the corporate entity Trejo Liquors, Inc. After full briefing on the pending motion to dismiss all claims, the parties stipulated that Ms. Trejo could not be held to be an individual employer under the FLSA and NYLL prior to May/June 2015.

On their face, the first and second causes of action, alleging minimum wage violations, must be dismissed against Ms. Trejo individually. Ms. Trejo assumed control of the business in June 2015 (FAC ¶ 12, 25), at which point Mr. Ramos alleges that he was paid $450 per week while working the same schedule of 44 hours per week. (FAC ¶ 48). The minimum wage in New York for 2015 was $8.75 and $9.00 for 2016. Plaintiff Mr. de la Cruz is fabricating his hours worked as he worked full time at Riverside Radio Dispatcher and New Family Radio Dispatcher for the past several years. Indeed, both Plaintiffs are fabricating each element of their wage and hour claim including their time of employment, schedule, and pay.

**2.** *A brief explanation of why jurisdiction and venue lie in this Court*

**Jurisdiction and venue**

Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiffs' claims, as Plaintiffs allege that Defendants violated their rights under the FLSA.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' claims brought under NYLL, as they are so related to the FLSA claims that they form part of the same case or controversy. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

**Place of incorporation and the principal place of business**

Trejo Liquors Inc. is incorporated in New York with a principal place of business of 970 Amsterdam Avenue, New York, NY.

**3.** *A brief description of all contemplated and/or outstanding motions*

**Plaintiffs' position**

Plaintiffs do not anticipate making a dispositive motion, but reserve their right to do so should the information collected during discovery warrant a motion for summary judgment, if Your Honor allows parties to move for summary judgment before non-jury trials.

**Defendants' position**

Defendants do in fact contemplate moving for summary judgment in this action on the wage and hour claims, as well as on the retaliation claim by Mr. de la Cruz, after the close of discovery. As Your Honor is aware, Defendants' motion to dismiss is pending. As explained in our letter dated November 16th, 2016 [Dkt. 26] the parties stipulated that Ms. Trejo individually was not Plaintiffs' employer prior to her husband's death on or about May/June 2015. Defendants agreed to withdraw their arguments in the pending motion to dismiss with respect to the employer status of defendant Johanny Trejo.

**4.** ***A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations***

**Plaintiffs' position**

    No discovery has taken place. Without waiving any right under the Federal Rules of Civil Procedure, Plaintiffs believe any timesheets, pay statements, and personnel files concerning Plaintiffs' employment with Defendants will help, although are not necessary, to engage in meaningful settlement negotiations.

**Defendants' position**

    Although Santiago Trejo, the sole owner and custodian of records for Trejo Liquors for the overwhelming bulk of the period in question in this action, passed away on or about June 2015, Defendants have nevertheless commenced gathering available and accessible records.

**5.** ***A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement***

    Plaintiffs made a demand to Defendants' pre-litigation counsel, to which Defendants' response was far less than what Plaintiffs' counsel has authorization to settle.

**Plaintiffs' position**

    The parties are coordinating to engage in a settlement conference before Magistrate Judge Debra S. Freeman. On November 14, 2016, in anticipation of that conference, Judge Freeman directed Defendants to provide Plaintiffs with any records concerning Plaintiffs' hours worked, and for Plaintiffs to make a demand after reviewing those records. Plaintiffs have yet to receive any records from Defendants. The Parties have a call scheduled with Judge Freeman on November 29, 2016.

**Defendants' position**

    Defendants' pre-litigation counsel made a settlement offer to Plaintiffs which was rejected. As explained above, Defendants have commenced gathering available and accessible records after the call with Judge Freeman last week.

**6.** ***The estimated length of trial***

**Plaintiffs' position**

    Plaintiff estimates that trial will take 2–3 days.

**Defendants' position**

Defendant estimates that trial will take 3–4 days.

**7.** ***Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case***

**Plaintiffs' position**

Defendants' counsel represented to Judge Freeman that Defendant Johanny Trejo is not concerned by any suit against Defendant Trejo Liquors, Inc. because she does not intend to remain in the "liquor business."[1]  As a result, in the event that Defendant Johanny Trejo transfers ownership of the store to a third party, Plaintiffs will seek leave to amend their complaint and/or join that party to the action.

**Defendants' position**

Plaintiffs' position above, derived from confidential settlement discussions with Magistrate Judge Freeman, are placed out of context and falsely imply bad faith conduct on the part of Defendants.  Trejo Liquor's landlord has refused to extend their lease.

We thank Your Honor for your time and attention to this matter.

Respectfully submitted,

s/ Walker G. Harman, Jr.
Walker G. Harman, Jr.
**The Harman Firm, LLP**
220 Fifth Ave., Suite 900
New York, NY 10001
212.425.2600
wharman@theharmanfirm.com

*Attorneys for Plaintiffs*

---

[1] During a call with Judge Freeman to schedule a settlement conference, Defendants' counsel made a spontaneous and deeply disturbing outburst that neither he nor Johanny Trejo were concerned by Trejo Liquor Inc.'s involvement in the lawsuit.  This call was not conducted under Rule 408 of the Federal Rules of Evidence, pursuant to a confidentiality agreement, or with the intention of settling claims and, therefore, Defendant's counsel's outburst was not made "from confidential settlement discussions."