**THE HARMAN FIRM, LLP**
**Attorneys & Counselors At Law**
www.theharmanfirm.com

December 8, 2016

<u>VIA ECF</u>

Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

  Re: *De La Cruz v. Trejo Liquors, Inc.*, **16-cv-4382 (VSB)**

Dear Judge Broderick:

  We represent Plaintiffs in the above-referenced action. We write with respect to Your Honor's referral to Magistrate Judge Debra Freeman for the purpose of a settlement conference. The parties have now had two lengthy telephone conferences and the matter is now scheduled for a settlement conference on December 22, 2016. However, Plaintiffs do not believe that a settlement is possible and seek to vacate the Court's order with respect to settlement. Defendants' counsel has made numerous false statements regarding the location of documents and information and has failed to provide any payroll records, which has obstructed Plaintiffs' ability to value the case. Further, Defendants have generally relied on their pending motion to dismiss for, in regard to settlement, the unworkable proposition that this case has no value. Also, the place of Plaintiffs' employment, Trejo Liquors, is being sold, which will require amending the Complaint; and, for obvious reasons, Defendants' counsel has been less than candid about this development. As such, this case is not ripe to settle at this junction.

  While we have always understood our ongoing obligation as members of the Court to work with opposing counsel to communicate and problem solve, there must be some limitation on the extent to which we are required to tolerate obstructionist conduct. On November 14, 2016, the Court directed Defendants' counsel to produce payroll records to Plaintiffs so that Plaintiffs could provide Defendants a damages calculation. Defendants' counsel stated that he had those records and would timely produce them. On November 29, 2016, during a second call with the Court, Defendants counsel changed his position regarding those records: first he said that they were in a basement in the store but he had not reviewed them; then he said he only had records in for one Plaintiff; finally, he said that the records he did have were not payroll records at all but would not elaborate as to what his clients had. Needless to say, Defendants' counsel has not sent Plaintiffs any records of any type nor operated in good faith.

  Additionally, there likely will be a successor in interest in this case. Defendants' counsel has stated numerous times that neither he nor his client is "concerned" by the Corporate Defendant Trejo Liquor, Inc.'s involvement in the lawsuit: Defendants' counsel represented that Trejo Liquors, Inc.'s landlord would not renew its lease, hence Individual Defendant Johanny Trejo would leave the liquor business by dissolving Trejo Liquors Inc. We recently learned, however, that Trejo Liquors, Inc. will not dissolve and, in fact, Johanny Trejo is in the process of

Hon. Vernon S. Broderick
December 8, 2016
Page 2 of 2

selecting a purchaser to whom she will sell Trejo Liquors, Inc.[1]  So, as Plaintiffs explained in the joint letter filed on November 21, 2016, there will likely be a successor in interest who is jointly and severally responsible for any settlement payment or verdict.  Defendants have yet to identify this individual.

In sum, Plaintiffs do not believe settlement discussions are possible at this juncture: formal discovery on the above issues is necessary, the Court will need to rule on Defendants' motion, and Defendants will need to identify the putative purchaser.

Thank you for Your Honor's time and consideration.

                                              Respectfully submitted,

                                              Walker G. Harman, Jr.

cc:       Magistrate Judge Debra Freemen (via email)
           Argilio Rodriguez (via email and ECF)

---

[1] At present, we are contemplating a motion to have the proceeds of the sale held in escrow pending the resolution of this matter, as it now seems clear that Defendants will do almost anything, including misrepresenting facts to this Court, in order to avoid liability in the matter.