**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------×

PAULINO DE LA CRUZ and JUVENTINO RAMOS,

          *Plaintiffs,*

    *v.*

TREJO LIQUORS, INC., d/b/a TREJO LIQUORS AND
WINES, and JOHANNY TREJO,

          *Defendants.*

-------------------------------------------------------------------×

    **16 CV 4382**

    **SECOND AMENDED**
    **COMPLAINT**

      Plaintiffs Paulino De La Cruz and Juventino Ramos, by their counsel, The Harman Firm,

LLP, allege for their Second Amended Complaint against Defendants Trejo Liquors, Inc., d/b/a

Trejo Liquors and Wines, and Johanny Trejo, as follows:

### PRELIMINARY STATEMENT

      1.    Plaintiffs Paulino De La Cruz ("Plaintiff De La Cruz" or "Mr. De La Cruz") and

Juventino Ramos ("Plaintiff Ramos" or "Mr. Ramos") (collectively, "Plaintiffs") seek damages

and costs against Defendant Trejo Liquors, Inc., d/b/a Trejo Liquors and Wines ("Corporate

Defendant" or "Trejo Liquors") and Defendant Johanny Trejo ("Individual Defendant" or "Ms.

Trejo") (collectively, "Defendants") for failing to pay Plaintiffs at the overtime premium rate for

hours worked in excess of 40 in a work week, in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab.

Law § 1 *et seq.*

      2.    Plaintiffs also seek damages and costs against Defendants for failing to provide

them with required notices and keep accurate time records, in violation of the NYLL.

      3.    Additionally, Plaintiff De La Cruz seeks damages and costs against Defendants

for terminating his employment in retaliation for complaining of wage and hour violations, in

violation of the FLSA and NYLL.

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiffs' claims, as Defendants violated Plaintiffs' rights under the FLSA.

5.      Pursuant to 28 U.S.C. § 1332, this Court has supplemental jurisdiction over Plaintiffs' NYLL claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

## PARTIES

6.      Plaintiff De La Cruz, at all times relevant hereto, was and is a resident of New York County in the State of New York.

7.      Plaintiff Ramos, at all times relevant hereto, was and is a resident of New York County in the State of New York.

8.      Upon information and belief, at all times relevant hereto, Trejo Liquors was and is a corporation organized under the laws of the State of New York with a location at 948 Amsterdam Avenue, New York, NY 10025.

9.      Trejo Liquors is a liquor store located on the Upper West Side of Manhattan.  It sells a variety of national and international wines and spirits from companies engaged in interstate commerce, in-store and by delivery to its customers.

10.      Upon information and belief, Trejo Liquors' gross volume of sales is in excess of $500,000.

11.      Upon information and belief, Ms. Trejo became the individual owner of Trejo Liquors after her husband's death in and around June 2015.

## STATEMENT OF FACTS

**I.     Plaintiff De La Cruz's Claims**

12.     Santiago Trejo, the former owner of Trejo Liquors and deceased husband of Ms. Trejo, hired Mr. De La Cruz in 1992.

13.     At the beginning of Mr. De La Cruz's employment, Trejo Liquors compensated him at a rate of $200 per week.

14.     In and around January in each of the following years, Mr. De La Cruz received raises as follows:

    a.  Year: 1995; Weekly Salary: $225;

    b.  Year: 1999; Weekly Salary: $250;

    c.  Year: 2002; Weekly Salary: $275;

    d.  Year: 2005; Weekly Salary: $300;

    e.  Year: 2008; Weekly Salary: $325;

    f.  Year: 2009; Weekly Salary: $350;

    g.  Year: 2011; Weekly Salary: $375;

    h.  Year: 2012; Weekly Salary: $400;

    i.  Year: 2013; Weekly Salary: $450;

    j.  Year: 2014; Weekly Salary: $475;

    k.  Year: 2015; Weekly Salary: $500;

    l.  Year: 2016; Weekly Salary: $550.

15.     From 1995 to 2015, except for two weeks in June 2015, Mr. De La Cruz worked four shifts, Monday through Thursday, each of which were nine hours long, and two shifts, Friday and Saturday, that were 10 hours long.

16.     Mr. De La Cruz worked from 2:00 p.m. to 11:00 p.m. from Monday through Thursday and 2:00 p.m. to 12:00 a.m. on Friday and Saturday.

17.     This schedule resulted in Mr. De La Cruz working 56 hours per week.

18.     For those two weeks in June 2015, Mr. De La Cruz worked a seven-hour morning shift before returning later in the day to work an additional six hours (Monday through Thursday) or seven hours (Friday through Saturday).

19.     In this two-week period, Mr. De La Cruz worked from 8:00 a.m. to 3:00 p.m. and 5:00 p.m. to 11:00 p.m., Monday through Thursday, and from 8:00 a.m. to 3:00 p.m. and 5:00 p.m. to 12:00 a.m., Friday and Saturday.

20.     This schedule resulted in two weeks where Mr. De La Cruz worked 80 hours per week.

21.     Trejo Liquors paid Mr. De La Cruz a fixed weekly salary, regardless of the number of hours he actually worked.

22.     Trejo Liquors did not pay Mr. De La Cruz for hours worked in excess of 40 per week at all, much less at the overtime premium rate.

23.     As an employee of Trejo Liquors, Mr. De La Cruz's responsibilities included checking out customers and stocking inventory.

24.     As Mr. De La Cruz worked in excess of 40 hours per week and was a non-exempt employee, he was entitled to overtime pay under the FLSA and NYLL.

25.     Trejo Liquors paid its employees, including Mr. De La Cruz, primarily in cash.

26.     Toward the end of Mr. De La Cruz's employment, he received paychecks for portions of his weekly salary.

27.    Trejo Liquors did not keep any time records for hours worked by its employees, including Mr. De La Cruz.

28.    If Mr. De La Cruz was sick or missed time, his weekly pay did not change.

29.    Throughout his employment, Mr. De La Cruz complained to Mr. Trejo, and to Ms. Trejo after June 2015, that he was not being paid for overtime work at the overtime premium rate for the hours he was working in excess of 40 in a work week.

30.    Shortly after his final complaint, on or about February 4, 2016, Ms. Trejo terminated Mr. De La Cruz's employment.

31.    Ms. Trejo told Mr. De La Cruz that she was terminating him for stealing inventory.

32.    Mr. De La Cruz vehemently denied the allegation.

33.    Ms. Trejo did show any evidence to Mr. De La Cruz that he stole anything, as he, in fact, did not.

34.    In reality, Ms. Trejo terminated Mr. De La Cruz in retaliation for his complaints about Defendants' failure to pay overtime.

35.    Defendants' failure to pay Mr. De La Cruz overtime and its termination of Mr. De La Cruz for complaining of overtime violations violate the FLSA and NYLL.

**II.    Plaintiff Ramos's Claims**

36.    Mr. Trejo hired Mr. Ramos in 2002.

37.    At the beginning of Mr. Ramos's employment, Trejo Liquors paid Mr. Ramos at a rate of $220 per week.

38.    In and around January in each of the following years, Mr. Ramos received raises as follows:

    a.   Year: 2003; Weekly Salary: $240;

    b.   Year: 2004; Weekly Salary: $260;

    c.   Year: 2005; Weekly Salary: $280;

    d.   Year: 2006; Weekly Salary: $300;

    e.   Year: 2007; Weekly Salary: $320;

    f.   Year: 2008; Weekly Salary: $340;

    g.   Year: 2009; Weekly Salary: $360;

    h.   Year: 2010; Weekly Salary: $380;

    i.   Year: 2011; Weekly Salary: $400;

    j.   Year: 2012; Weekly Salary: $420;

    k.   Year: 2013; Weekly Salary: $440;

    l.   Year: 2014; Weekly Salary: $450.

39.    Mr. Ramos worked in excess of 40 hours per week in every week of his employment at Trejo Liquors.

40.    Throughout his employment, Mr. Ramos worked four shifts per week lasting seven hours each and two shifts per week lasting eight hours each.

41.    Mr. Ramos worked from 4:00 p.m. to 11:00 p.m., Monday through Thursday, and 4:00 p.m. to 12:00 a.m., Friday and Saturday.

42.    This schedule resulted in Mr. Ramos working 44 hours per week.

43.    Trejo Liquors paid Mr. Ramos a fixed weekly salary, regardless of the number of hours he actually worked.

44.    If Mr. Ramos was sick or missed time, his weekly pay did not change.

45.     Trejo Liquors did not pay Mr. Ramos for hours worked in excess of 40 hours per week at all, much less at the overtime premium rate.

46.     As an employee of Trejo Liquors, Mr. Ramos's responsibilities included checking out customers and stocking inventory.

47.     As Mr. Ramos worked in excess of 40 hours per week and was non-exempt, he was entitled to overtime pay under the FLSA and NYLL.

48.     Trejo Liquors paid Mr. Ramos in cash.

49.     Trejo Liquors did not keep time records for hours worked by its employees, including Mr. Ramos.

50.     Defendants' failure to pay Mr. Ramos overtime violates the FLSA and NYLL.

**III.     Claims Against Individual Defendant**

51.     In and around June 2015, Mr. Trejo passed away.

52.     Shortly after Mr. Trejo's passing, Ms. Trejo, Mr. Trejo's wife, became the owner of Trejo Liquors.

53.     As Trejo Liquors' owner, Ms. Trejo took over the operations of the business.

54.     She directed Trejo Liquors' employees' responsibilities, assigned them tasks, made hiring and firing decisions, gave workers their pay, negotiated and decided employees' wages, worked on site, set workers' hours and schedules, made tax decisions, and, upon information and belief, reviewed Trejo Liquors' finances and made purchasing decisions.

55.     Ms. Trejo was the only "management" level employee at Trejo Liquors after her husband's passing.

56.     As such, from in and around June 2015 until Plaintiffs' terminations, Ms. Trejo was a co-employer of Plaintiffs.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
#### Unpaid Overtime in Violation of the FLSA
#### (All Plaintiffs)

57.     Plaintiffs hereby reallege and incorporates each and every allegation contained in paragraphs 1 through 56 with the same force as though separately alleged herein.

58.     At all relevant times, Plaintiffs were employed by Corporate Defendant within the meaning of the FLSA.

59.     From in and around June 2015 until the end of their employments, Plaintiffs were also employed by Individual Defendant.

60.     The FLSA mandates that employers compensate employees at one-and-a-half times their normal hourly rate for all hours worked over 40 in a work week.

61.     Defendants willfully and intentionally violated the FLSA's overtime requirement by not paying Plaintiffs at the overtime premium rate for any overtime worked.

62.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest and reasonable attorneys' fees and costs related to the action.

### SECOND CAUSE OF ACTION
#### Unpaid Overtime in Violation of the NYLL
#### (All Plaintiffs)

63.     Plaintiffs hereby reallege and incorporates each and every allegation contained in paragraphs 1 through 62 with the same force as though separately alleged herein.

64.     At all relevant times, Plaintiffs were employed by Corporate Defendant within the meaning of the NYLL.

65.     From in and around June 2015 until the end of their employment, Plaintiffs were also employed by Individual Defendant.

66.     The NYLL mandates that employers must compensate employees at one-and-a-half times their normal hourly rate for all hours worked over 40 in a work week.

67.     Defendants willfully and intentionally violated the NYLL's overtime requirement by not paying Plaintiffs at the overtime premium rate for any overtime worked.

68.     Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest and reasonable attorneys' fees and costs related to the action.

### THIRD CAUSE OF ACTION
### Retaliation in Violation of the FLSA
### (Plaintiff De La Cruz)

69.     Plaintiffs hereby reallege and incorporates each and every allegation contained in paragraphs 1 through 68 with the same force as though separately alleged herein.

70.     The FLSA prohibits an employer from retaliating against an employee for opposing practices unlawful under the FLSA.

71.     Plaintiff De La Cruz properly complained to Defendants about Defendants' failure to pay him at the overtime premium rate for hours worked in excess of 40 in a work week.

72.     Defendants retaliated against Plaintiff De La Cruz by terminating his employment.

73.     As such, Defendants have violated the FLSA.

74.     As a direct and proximate consequence of Defendants' retaliation, Plaintiff De La Cruz has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

## FOURTH CAUSE OF ACTION
### Retaliation in Violation of the NYLL
### (Plaintiff De La Cruz)

75.     Plaintiffs hereby reallege and incorporates each and every allegation contained in paragraphs 1 through 74 with the same force as though separately alleged herein.

76.     The NYLL prohibits an employer from retaliating against an employee for opposing practices unlawful under the NYLL.

77.     Plaintiff De La Cruz properly complained to Defendants about Defendants' failure to pay him at the overtime premium rate for hours worked in excess of 40 in a work week.

78.     Defendants retaliated against Plaintiff De La Cruz by terminating his employment.

79.     As such, Defendants have violated the NYLL.

80.     As a direct and proximate consequence of Defendants' retaliation, Plaintiff De La Cruz has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

## FIFTH CAUSE OF ACTION
### Failure to Provide Notice and Keep Records in Violation of the NYLL
### (All Plaintiffs)

81.     Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 80 with the same force as though separately alleged herein.

82.     At all relevant times, Plaintiffs were employed by Corporate Defendant within the meaning of the NYLL.

83.     From in and around June 2015 until the end of their employments, Plaintiffs were also employed by Individual Defendant.

84.     NYLL § 195 mandates that employers keep certain records and provide certain notices to their employees.

85.     Defendants violated the NYLL's notice and record-keeping requirements by not providing Plaintiffs with required notices and keeping accurate records of hours worked under NYLL § 195 (1–6).

86.     Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants monies for each workday that the violations occurred or continue to occur, reasonable attorneys' fees, and costs related to the action.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the following relief:

    A.  For the first cause of action, damages to be determined at trial;

    B.  For the second cause of action, damages to be determined at trial;

    C.  For the third cause of action, damages to be determined at trial;

    D.  For the fourth cause of action, damages to be determined at trial; and

    E.  For the fifth cause of action, damages to be determined at trial.

    F.  For such other and further relief as the Court deems just and proper.


Dated: New York, New York
       April 5, 2017


By:        _Walker G. Harman, Jr._

Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiffs*