IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULINO DE LA CRUZ *and* JUVENTINO RAMOS,

    Plaintiffs,

v.

TREJO LIQUORS, INC. d/b/a TREJO LIQUORS AND WINES *and* JOHANNY TREJO,

    Defendants.

No. 16-cv-4382 (VSB)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendants Trejo Liquors, Inc. d/b/a Trejo Liquors and Wines and Johanny Trejo respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Mr. De La Cruz's third cause of action alleging retaliation under the FLSA in the Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

Plaintiff Mr. De la Cruz alleges in cursory fashion that "throughout his employment, [he] complained to Mr. Trejo, and to Ms. Trejo after June 2015, that he was not being paid for overtime work at the overtime premium rate for the hours he was working in excess of 40 in a work week" (Compl. ¶ 29) and was terminated from his employment "shortly after his final complaint, on or about February 4, 2016." (Compl. ¶30). Plaintiff Mr. De La Cruz alleges no further details regarding the timing, circumstances, language, and details of his alleged complaints.[1]

---

[1] Rather than augmenting and strengthening his claims in the SAC by providing further factual content and context regarding his retaliation claim, Plaintiff Mr. De La Cruz has actually *removed* the only semblance of context contained in the FAC – namely that Plaintiff's reference to overtime was made together with a complaint that Ms. Trejo had misclassified his employment for tax purposes (FAC ¶ 32-33). Plaintiff has now removed this brief statement from the SAC as a result of recent case law cited in Defendants' motion to dismiss the FAC and now the

For the reasons stated in greater detail below, the third and fourth causes of action in the Second Amended Complaint must be dismissed as Plaintiff Mr. De la Cruz has failed to adequately plead retaliation under the FLSA and NYLL.

## ARGUMENT

### I. PLEADING STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S.Ct. 1955. In considering a motion to dismiss, a district court must "accept [ ] all factual claims in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir.2014) (quoting *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[R]ather, the complaint's *factual* allegations must be enough to raise a right to relief above the speculative level, i.e., enough to make the claim plausible." *Arista*

---

SAC, further demonstrating that despite begin given yet another bite at the apple, Plaintiff Mr. De La Cruz cannot adequately plead a retaliation claim under the FLSA.

*Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir.2010) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. 1955) (internal quotation marks omitted) (emphasis in *Arista Records* ).

## II. PLAINTIFF MR. DE LA CRUZ HAS FAILED TO ADEQUATELY PLEAD A CLAIM FOR RETALIATION UNDER THE FLSA

Plaintiff Mr. De la Cruz raises two unlawful retaliation claims, one under the FLSA, 29 U.S.C. § 215(a)(3), and the other under New York Labor Law, N.Y. Lab. Law § 215(1)(a). (Compl. ¶ 29-34, 69-80). The instant motion seeks dismissal of the third cause of action alleging retaliation under the FLSA. The FLSA provides that it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

A prima facie case of retaliation is established by "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir.2010). The Second Circuit has explained that the FLSA "prohibits retaliation against employees who orally complain to their employers, so long as their complaint is 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.' " *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 117 (2d Cir. 2015) (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14, 131 S. Ct. at 1335 (2011)).

To qualify as a protected activity, oral complaints must be "made to employers in a context that makes the assertion of rights plain." *Greathouse*, 784 F.3d at 115. The court in

*Greathouse* made it clear that a complaint must include "'some degree of formality.'" *Id*. at 116 (quotation omitted). The complaint must be formal enough, "'where the recipient has been given fair notice that a grievance has been lodged and does, or should, reasonably understand the matter as part of its business concerns[.]'" *Id*. (quotation omitted) (stating, "[i]t seems to us inconsistent with *Kasten* to elevate a grumble in the hallway about an employer's payroll practice to a complaint 'filed' with the employer within the meaning of section 215(a) (3)"). Therefore, "'a complaint is "filed" [only] when a reasonable, objective person would have understood the employee to have put the employer on notice that the employee is asserting statutory rights under the Act.'" *Id*. (quoting *Kasten*, 131 S. Ct. at 1335).

Here, in this case, Plaintiff Mr. De la Cruz's alleges in cursory fashion that "throughout his employment, [he] complained to Mr. Trejo, and to Ms. Trejo after June 2015, that he was not being paid for overtime work at the overtime premium rate for the hours he was working in excess of 40 in a work week" (Compl. ¶ 29) and was terminated from his employment "shortly after his final complaint, on or about February 4, 2016." (Compl. ¶30). Plaintiff Mr. De La Cruz alleges no further details regarding the timing, circumstances, language, and details of his alleged complaints that can only be described as ill-documented and unclear despite being offered two opportunities to amend the Complaint. Plaintiff does not provide any specificity as to the illegality of Defendants' actions. Stated differently, there would be no basis for the listener to infer that [Plaintiff's] opaque and unexplicated reference to 'overtime' was meant to claim a violation of the FLSA." *Sydney v. Time Warner Entertainment-Advance/Newhouse Partnership*, 2017 WL 1167284 at *8, No. 5:13-CV-286 (FJS/TWD) (N.D.N.Y. March 28, 2017) (quoting *Dunn*, 143 F. Supp. 3d at 113); see also *Mohamed v. NYU*, No. 14cv8373, 2015 WL 3387218, *26 n.24

4

(S.D.N.Y. May 21, 2015) (stating, "[m]erely using the word 'overtime' in a complaint otherwise devoid of related facts does not state an FLSA claim").

In *Dunn v. Sederakis*, the court granted defendants motion to dismiss on these very grounds, where plaintiff complained orally on three occasions of unpaid overtime, because "the [complaint] did not allege that [plaintiff] ever invoked the FLSA or accused [defendants] or its employees of illegality." 143 F.Supp.3d 102, 113 (S.D.N.Y. 2015). [2] Importantly, the court reasoned that "[b]ecause the complaint provided vanishingly little detail about [plaintiff's] oral complaints to [defendants'] personnel, a finder of fact could not find, on the facts pled, that her words were 'sufficiently clear and detailed…in light of both content and *context*' to convey that [plaintiff] was asserting her legal rights under the FLSA." *Id.* at 114.

The allegations in the instant case are even worse than those in *Dunn*, as one cannot even say there is "vanishingly little detail" about Plaintiff's oral complaints. Indeed, in the SAC there are *no* facts about the content and context. The one additional point found in the FAC (that Plaintiff also complained about his tax classification to Ms. Trejo actually damaged their retaliation claim and has been removed). Moreover, Plaintiff's alleged complaints regarding his overtime pay lacked the formality required to put defendants on notice that plaintiff was asserting rights under the FLSA, and failed to inform defendants of any intent to institute an FLSA action, and should therefore be dismissed. Plaintiff Mr. De La Cruz's retaliation claim is therefore inadequately plead as

---

[2] Courts dismissing complaints or granting summary judgment to defendants as to FLSA retaliation claims have appeared to require that the oral complaint have been "framed in terms of potential illegality" in order to constitute protected activity. *See Dunn v. Sederakis*, 143 F.Supp.3d 102,112 (S.D.N.Y. 2015) (collecting cases) including *e.g. Lasater v. Tex. A & M Univ.-Commerce*, 495 Fed.Appx. 458, 461 (5th Cir.2012); *Hernandez v. Praxair Distrib., Inc.*, No. 14 Civ. 1915, 2015 WL 789096, at *2 (S.D.Tex. Feb. 17, 2015); see also *Cotto v. John C. Bonewicz, P.C.*, No. 13 Civ. 842, 2015 WL 3609167, at *9 (N.D.Ill. June 9, 2015) (complaint to employer that "it was 'a little bit ridiculous' that she was asking him to work 12–16 hour days when he was paid 'only for eight hours' " was not sufficiently clear to constitute protected activity); *Manfield v. Alutiiq Int'l Solutions, Inc.*, 851 F.Supp.2d 196, 206 (D.Me.2012) (not a protected activity to inquire about timesheet discrepancies without "voic[ing] an opinion" about legality).

required under *Greathouse/Kasten* and later case law interpreting these cases under *Iqbal/Twombly*. Plaintiff has not alleged sufficient facts to raise his right to relief above the speculative level.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff Mr. De la Cruz's third cause of action alleging retaliation under the FLSA against Defendants Trejo Liquors, Inc. d/b/a Trejo Liquors and Wines and Johanny Trejo as plead in the Second Amended Complaint and grant any and all further relief as may be just and proper.

Dated: New York, New York
April 28, 2017

*/s/ Argilio Rodriguez, Esq.*
By: Argilio Rodriguez, Esq.
Rodriguez Law, P.C.
Empire State Building
350 Fifth Avenue, Suite 5909
New York, NY 10118
(212) 960-3305
argilio@lawrodriguez.com

*Attorney for Defendants*