**THE HARMAN FIRM, LLP**
**Attorneys & Counselors At Law**
www.theharmanfirm.com

May 2, 2017

<u>Via ECF</u>

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *De La Cruz v. Trejo Liquors, Inc.*, 16 CV 4382

Dear Judge Broderick:

We represent Plaintiffs Paulino De La Cruz and Juventino Ramos in the above-referenced employment action against Defendants Johanny Trejo ("Ms. Trejo") and Trejo Liquors, Inc. (the "Store") (collectively, "Defendants"). Preliminarily, Plaintiffs' counsel believed that the conference presently scheduled for May 3, 2017, had been adjourned by the Court, as the issues before the Court—Plaintiffs' motions to file a Second Amended Complaint and to compel discovery—were resolved. However, as the conference remains on the Court's calendar, we respectfully request that the conference be converted to an Initial Conference, during which the Court enter an expedited Case Management Plan and Scheduling Order. In the alternative, we request that the Court allow the parties to submit a Case Management Plan and Scheduling Order for the Court to issue, obviating the need for an initial conference.

I. **Background**

This action was filed on June 10, 2016. Since then, Defendants moved to dismiss the Complaint; Plaintiffs amended the Complaint; Defendants moved to dismiss the First Amended Complaint; the parties attended a settlement conference before Magistrate Judge Debra Freeman, which did not resolve the action; Plaintiffs moved to file a Second Amended Complaint, which the Court granted; Plaintiffs filed a Second Amended Complaint; Defendants filed a motion to dismiss one of the claims (Plaintiff De la Cruz's retaliation claim) and submitted a briefing schedule, which the Court ordered.

II. **The Court should enter a Case Management Plan and Scheduling Order.**

As stated in the February 23, 2017 joint letter, discovery should not be stayed, and the Court should issue a Case Management Plan and Scheduling Order. To determine whether to stay discovery pending a motion to dismiss, courts consider: (i) the breadth of discovery sought, (ii) any prejudice that would result, and (iii) the strength of the motion. *Brooks v. Macy's, Inc.*, 2010 U.S. Dist. LEXIS 135415, 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010) (citing

Hon. Vernon S. Broderick
May 2, 2017
Page 2 of 2

cases), *reh'g denied*, 2011 U.S. Dist. LEXIS 38585, 2011 WL 1362191 (S.D.N.Y. Apr. 8, 2011). With respect to the first factor, Plaintiffs seek to request documents concerning Plaintiffs' employment with the Store, the transfer of the Store to Ms. Trejo, and the Store's and Ms. Trejo's ability to pay a judgment. Plaintiffs also intend to depose Ms. Trejo. This discovery is narrowly tailored to the claims in the action. Indeed, because discovery is so limited, we anticipate completing discovery in six weeks, at which time Plaintiffs will be ready to proceed to trial. Plaintiffs anticipate a bench trial of less than two days.[1] With respect to the second factor, Defendants would not be prejudiced, as their motion to dismiss does not seek to dismiss the case in its entirety—only claims against Ms. Trejo. As such, even if Defendants' motion is granted, the scope of discovery sought will not be affected.

With respect to the third factor: first, Defendants' motion, even if granted, will not dismiss the Second Amended Complaint in its entirety, only the retaliation claim. As such, discovery will take place regardless of the merits of Defendants' motion. Second, to address the merits, the motion is not likely to be granted. A court may only dismiss a complaint where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). To summarize, Defendants will not be able to do so because Plaintiffs have provided specific allegations that Ms. Trejo terminated Plaintiff De la Cruz because of his complaints about not being paid overtime premiums. Therefore, the Court should enter a Case Management Plan and Scheduling Order.

This case is 11 months old, yet there is no case management plan and scheduling order. As such, the Court should enter an expedited Case Management Plan and Scheduling Order so that this case can be brought to trial. As Defendants' most recent motion to dismiss only seeks the dismissal of Plaintiff De la Cruz's retaliation claim, Defendants are not prejudiced by discovery moving forward. In fact, efficient case management demands that a case management plan and scheduling order be submitted. If the Court grants Plaintiffs the relief sought here, the parties can attend tomorrow's conference with a proposed case management plan and scheduling order or, in the alternative, submit a proposed case management plan and scheduling order for the Court to approve by a date certain.

Thank you for Your Honor's time and attention to this matter

Respectfully submitted,

Walker G. Harman, Jr.

cc:     Argilio Rodriguez (via ECF)

---

[1] Plaintiffs did not request a jury trial. Given the trend in the Southern District to proscribe motions for summary judgment in wage-and-hour cases, Plaintiffs are ready to proceed to trial after expedited discovery.