**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------×
PAULINO DE LA CRUZ *and* JUVENTINO RAMOS,

     *Plaintiffs,*
   v.                                  **16 CV 4382**

TREJO LIQUORS, INC., *d/b/a* TREJO LIQUORS AND
WINES, *and* JOHANNY TREJO, *individually,*

     *Defendants.*
-----------------------------------------------------------------------×

## PLAINTIFFS' MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS
## THE SECOND AMENDED COMPLAINT

Walker G. Harman, Jr.
Edgar M. Rivera
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, New York 10001
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. ii

**PRELIMINARY STATEMENT** ........................................................................................... 1

**STATEMENT OF FACTS** ................................................................................................... 2

**STANDARD** ........................................................................................................................... 4

**ARGUMENT** .......................................................................................................................... 5

   *I. Mr. De La Cruz's complaints to Defendants provided the requisite notice under the FLSA.* 5

   *II. Mr. De La Cruz's complaints to Defendants provided the requisite notice under the NYLL.* 9

**CONCLUSION** .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Arar v. Ashcroft*
   585 F.3d 559 (2d Cir. 2009) .................................................................................................. 5

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .................................................................................................................. 5

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*
   493 F.3d 87 (2d Cir. 2007) ...................................................................................................... 5

*Bancorp Services, LLC v. American General Life Insurance Co.*
   No. 14 Civ. 9687 (VEC), 2016 WL 4916969 (S.D.N.Y. Feb. 11, 2016) .................................. 5

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) .................................................................................................................. 5

*Brown v. Daikin America Inc.*
   756 F.3d 219 (2d Cir. 2014) ...................................................................................................... 6

*Brown v. Hearst Corp.*
   No. 14 Civ. 1220 (VLB), 2015 WL 5010551 (D. Conn. Aug. 24, 2015) .................................. 8

*Cotto v. John C. Bonewicz, P.C.*
   No. 13 Civ. 0842, 2015 WL 3609167 (N.D. Ill. June 9, 2015) ................................................ 7

*Dunn v. Sederakis*
   143 F. Supp. 3d 102 (S.D.N.Y. 2015) .............................................................................. 6, 8, 9

*Hernandez v. Praxair Distribution, Inc.*
   No. 14 Civ. 1915, 2015 WL 789096 (S.D. Tex. Feb. 17, 2015) .............................................. 7

*Kassman v. KPMG LLP*
   925 F. Supp. 2d 453 (S.D.N.Y. 2013) ...................................................................................... 9

*King v. U.S. Security Associates, Inc.*
   No. 11 Civ. 4457 (DAB) (MHD), 2012 WL 4122025 (S.D.N.Y. Aug. 22, 2012) .................... 6

*Lasater v. Texas A & M University-Commerce*
   495 F. App'x 458 (5th Cir. 2012) .............................................................................................. 7

*Manfield v. Alutiiq International Solutions, Inc.*
   851 F. Supp. 2d 196 (D. Me. 2012) .......................................................................................... 7

*Mohawk v. William Floyd School Dist.*
  No. 13 Civ. 2518 (JS) (GRB), 2014 WL 838162 (E.D.N.Y. Mar. 3, 2014) ............................... 6

*Mullins v. City of N.Y.*
  626 F.3d 47 (2d Cir. 2010) ................................................................................................. 6

*Swierkiewicz v. Sorema N. A.*
  534 U.S. 506 (2002) ........................................................................................................... 6

*Sydney v. Time Warner Entertainment-Advance/Newhouse Partnership*
  No. 13 Civ. 0286 (FJS) (TWD), 2017 WL 1167284 (N.D.N.Y. Mar. 28, 2017) ...................... 7

*Thompson v. Jennings & Hartwell Fuel Oil Corp.*
  No. 14 Civ. 1857 (RJD) (LB), 2015 WL 5437492 (E.D.N.Y. Aug. 27, 2015) .................... 8, 10

*Trowbridge v. Wernicki*
  No. 13 Civ. 1797 (JAM), 2015 WL 3746346 (D. Conn. June 15, 2015) ............................. 6, 8

*Williams v. N.Y. City Housing Auth.*
  458 F.3d 67 (2d Cir. 2006) ................................................................................................. 6

*Yu G. Ke v. Saigon Grill, Inc.*
  595 F. Supp. 2d 240 (S.D.N.Y. 2008) ................................................................................ 10

**Statutes**
29 U.S.C. § 207 ........................................................................................................................ 9

N.Y. Lab. Law § 215 ................................................................................................................ 9

Plaintiffs Paulino De La Cruz and Juventino Ramos (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in Opposition to the Partial Motion to Dismiss the Second Amended Complaint brought by Defendant Trejo Liquors, Inc., d/b/a Trejo Liquors and Wines ("Trejo Liquors"), and Defendant Johanny Trejo (collectively, "Defendants").

## **PRELIMINARY STATEMENT**

On June 10, 2016, Plaintiffs filed the Complaint in this action, alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendant Johanny Trejo operated Trejo Liquors, a liquor store located on the Upper West Side of Manhattan, where Plaintiffs were employed as clerks. Plaintiffs stocked inventory, operated the cash register, kept the store clean, and occasionally delivered liquor products to Trejo Liquors' customers. Defendants failed to pay Plaintiffs, who often worked as much as 80 hours per week, for hours worked over 40 in a work week. Instead, Defendants paid Plaintiffs flat weekly salaries, regardless of the number of hours they actually worked. As a result, Plaintiffs were not paid at all for their hours worked in excess of 40 in a work week, much less at the overtime premium rate. Trejo Liquors did not post any notices informing its workers of their rights under the FLSA and NYLL. When Plaintiff De La Cruz complained to Ms. Trejo about not being paid overtime for his long hours, he was terminated.

In anticipation of a motion to dismiss, Plaintiffs filed their First Amended Complaint on September 8, 2016. (Docket No. 13). Defendants then filed a Motion to Dismiss the First Amended Complaint in its entirety. (Docket No. 17). After that motion was fully briefed, Plaintiffs filed a Second Amended Complaint (the "SAC") on April 5, 2017. (Docket No. 43). On April 28, 2017—without a pre-motion letter—Defendants filed their Partial Motion to Dismiss the Second Amended Complaint (the "Motion"), seeking to dismiss only the retaliation claims

brought by Plaintiff De La Cruz on the grounds that the SAC purportedly does not allege sufficient notice of protected activity. This argument fails.

First, Defendants' Motion relies on cases in which motions for summary judgment—not motions to dismiss—were before the court. As a result, almost none of Defendants' case law actually addresses the standard for a motion to dismiss, which requires a plaintiff only to plead allegations giving rise to the inference of a plausible claim against the defendant. As such, virtually none of Defendants' cases are relevant.

Second, Defendants rely heavily on case law from the Fifth Circuit, which applies a more stringent pleading standard than the Second Circuit; in the Fifth Circuit, an employee making a complaint is required to step outside of his normal job role when doing so, so as to make clear to the employer that he is taking a position adverse to the employer. As a result, Defendants' Fifth Circuit cases offer no genuine guidance here in the Second Circuit, which does not apply these heightened pleading standards.

Finally, Defendants ignore several cases from within this Circuit in which district courts have found that allegations nearly identical to those pled here are sufficient to survive a motion to dismiss.

Accordingly, the Court should deny Defendants' Motion.

## STATEMENT OF FACTS

The following facts are taken entirely from the SAC, attached to the Declaration of Walker G. Harman, Jr., dated July 12, 2017, as Exhibit A.

Santiago Trejo, the former owner of Trejo Liquors and deceased husband of Ms. Trejo, hired Mr. De La Cruz in 1992. (SAC ¶ 12). At the beginning of Mr. De La Cruz's employment, Trejo Liquors compensated him at a rate of $200 per week. (SAC ¶ 13). In and around January

in each of the following years, Mr. De La Cruz received raises leading to the following salaries:

| Year | Weekly Salary |
|---|---|
| 1995 | $225 |
| 1999 | $250 |
| 2002 | $275 |
| 2005 | $300 |
| 2008 | $325 |
| 2009 | $350 |
| 2011 | $375 |
| 2012 | $400 |
| 2013 | $450 |
| 2014 | $475 |
| 2015 | $500 |
| 2016 | $550 |

(SAC ¶ 14).

Except for two weeks in June 2015, Mr. De La Cruz worked six shifts per week from 1995 to 2015: four nine-hour shifts—2:00 p.m. to 11:00 p.m.—on Monday, Tuesday, Wednesday, and Thursday, and two ten-hour shifts—2:00 p.m. to 12:00 a.m.—on Friday and Saturday. (SAC ¶¶ 15–16). As a result, Mr. De La Cruz regularly worked 56 hours per week during his employment with Defendants. (SAC ¶ 17). For two weeks in June 2015, Mr. De La Cruz worked a seven-hour morning shift—8:00 a.m. to 3:00 p.m.—before returning later in the day to work an additional six hours (5:00 p.m. to 11:00 p.m., Monday through Thursday) or seven hours (5:00 p.m. to 12:00 a.m., Friday and Saturday). (SAC ¶¶ 18–19). This schedule resulted in two weeks where Mr. De La Cruz worked 80 hours per week. (SAC ¶ 20).

Trejo Liquors paid Mr. De La Cruz a fixed weekly salary, regardless of the number of hours he actually worked. (SAC ¶ 21). Trejo Liquors did not pay Mr. De La Cruz for hours worked in excess of 40 per week at all, much less at the overtime premium rate. (SAC ¶ 22). At Trejo Liquors, Mr. De La Cruz's job responsibilities primarily involved checking out customers

and stocking inventory. (SAC ¶ 23). As Mr. De La Cruz worked in excess of 40 hours per week and was a non-exempt employee, he was entitled to overtime pay under the FLSA and NYLL. (SAC ¶ 24). Trejo Liquors paid its employees, including Mr. De La Cruz, primarily in cash. (SAC ¶ 25). Toward the end of Mr. De La Cruz's employment, he received paychecks for portions of his weekly salary. (SAC ¶ 26). Trejo Liquors did not keep any time records for hours worked by its employees, including Mr. De La Cruz. (SAC ¶ 27). If Mr. De La Cruz was sick or otherwise absent, his weekly pay did not change. (SAC ¶ 28). Throughout his employment, Mr. De La Cruz complained to Mr. Trejo, and later to Ms. Trejo when she began operating Trejo Liquors in June 2015, that he was not being paid at the overtime premium rate for the hours he was working in excess of 40 in a work week. (SAC ¶ 29). Shortly after his final complaint, on or about February 4, 2016, Ms. Trejo terminated Mr. De La Cruz's employment. (SAC ¶ 30). Ms. Trejo told Mr. De La Cruz that she was terminating him for stealing inventory, which allegation Mr. De La Cruz vehemently denied. (SAC ¶¶ 31–32). Ms. Trejo did not offer any evidence to Mr. De La Cruz that he had stolen anything—as he, in fact, did not. (SAC ¶ 33). In reality, Ms. Trejo terminated Mr. De La Cruz in retaliation for his complaints about Defendants' failure to pay him overtime. (SAC ¶ 34). Defendants' failure to pay Mr. De La Cruz overtime and its termination of Mr. De La Cruz for complaining of overtime violations violate the FLSA and NYLL. (SAC ¶ 35).

## **STANDARD**

Defendants move to dismiss the SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To succeed on a motion to dismiss under Rule 12(b)(6), a defendant must show that the plaintiff did not provide sufficient factual allegations to raise a right to relief above the

speculative level. *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Supreme Court describes the Rule 12(b)(6) standard as a "two-pronged approach" that requires a court first to accept all factual allegations of the complaint as true and construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009). Next, a court must consider whether the complaint "states a plausible claim for relief," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 663.

Unless a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," the complaint should not be dismissed. *Bancorp Services, LLC v. American General Life Insurance Co.*, No. 14 Civ. 9687 (VEC), 2016 WL 4916969, at *5 (S.D.N.Y. Feb. 11, 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## ARGUMENT

As shown below, the Court should deny Defendants' Motion, as Plaintiff De La Cruz has adequately pled retaliation claims under the FLSA and NYLL.

### I. Mr. De La Cruz's complaints to Defendants provided the requisite notice under the FLSA.

A plaintiff in a retaliation case must plead facts "necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic Corp.*, 550 U.S. at 570 (discussing *Swierkiewicz*, 534 U.S. at 508). In other words, a complaint need only be "facially plausible" and "give the defendant fair notice of the basis for the claim" to survive a motion to dismiss. *Brown*

*v. Daikin America Inc.*, 756 F.3d 219, 229 n. 10 (2d Cir. 2014) (citing *Mohawk v. William Floyd School Dist.*, No. 13 Civ. 2518 (JS) (GRB), 2014 WL 838162, at *2 (E.D.N.Y. Mar. 3, 2014)). For this conclusion to be drawn, a plaintiff need only allege facts that allow the court in substance to infer elements of a *prima facie* case. *Mohawk*, 2014 WL 838162, at *2 (quoting *King v. U.S. Security Associates, Inc.*, No. 11 Civ. 4457 (DAB) (MHD), 2012 WL 4122025, at *5 (S.D.N.Y. Aug. 22, 2012), *report and recommendation adopted,* No. 11 Civ. 4457 (DAB) (MHD), 2012 WL 4327396 (S.D.N.Y. Sept. 18, 2012)).

A *prima facie* case of FLSA retaliation requires a plaintiff to show: "(1) participation in protected activity known to the defendant […]; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of N.Y.*, 626 F.3d 47, 53 (2d Cir. 2010). However, the law is clear that a plaintiff alleging retaliation under the FLSA may—but need not—recite or plead in a complaint each of these three requirements for a retaliation claim. *Trowbridge v. Wernicki*, No. 13 Civ. 1797 (JAM), 2015 WL 3746346, at *3 (D. Conn. June 15, 2015); *see Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511–12 (2002); *Williams v. N.Y. City Housing Auth.*, 458 F.3d 67, 71–72 (2d Cir. 2006) (*per curiam*).

Contrary to Defendants' argument, no district court in the Second Circuit's jurisdiction has elevated the pleading standard to require an allegation that a plaintiff invoked the FLSA specifically or explicitly stated that a defendant violated wage-and-hour laws. Rather, a plaintiff need only allege facts that allow the court to infer "potential illegality." *Dunn v. Sederakis*, 143 F. Supp. 3d 102, 113 (S.D.N.Y. 2015). Indeed, the cases cited by Defendants not only concern motions for summary judgment, rather than motions to dismiss, but are largely analyzed under the Fifth Circuit's heightened pleading standard, which requires an employee making a

6

complaint to step outside of his normal job role so as to make clear to the employer that he is taking a position adverse to the employer. *See, e.g., Lasater v. Texas A & M University-Commerce*, 495 F. App'x 458, 461 (5th Cir. 2012) (unpublished) (summary judgment) (holding that plaintiff's communication did not constitute a complaint under the Fifth Circuit's heightened pleading requirement because her statements were made as part of her interaction as a department head with an auditor during a routine audit); *Hernandez v. Praxair Distribution, Inc.*, No. 14 Civ. 1915, 2015 WL 789096, at *2 (S.D. Tex. Feb. 17, 2015) (dismissing complaint under the Fifth Circuit's heightened standard because plaintiff did not plead the elements of the claim); *Sydney v. Time Warner Entertainment-Advance/Newhouse Partnership*, No. 13 Civ. 0286 (FJS) (TWD), 2017 WL 1167284, at *8 (N.D.N.Y. Mar. 28, 2017) (summary judgment) (dismissing claim because plaintiff did not invoke any FLSA-protected rights, but complained only about unpaid commissions and defendant's pay structure); *Cotto v. John C. Bonewicz, P.C.*, No. 13 Civ. 0842, 2015 WL 3609167, at *9 (N.D. Ill. June 9, 2015) (summary judgment) (dismissing claim because complaint did not invoke any FLSA-protected rights, but only complained about unpaid commissions); *Manfield v. Alutiiq International Solutions, Inc.*, 851 F. Supp. 2d 196, 206 (D. Me. 2012) (dismissing complaint that did not invoke any FLSA-protected rights, but only complained about pay discrepancies).

Here, Mr. De la Cruz alleges that he complained to Ms. Trejo about not being paid at the overtime premium rate for hours worked in excess of 40 in a work week. Although Mr. De La Cruz did not explicitly say that Defendants' failure to pay him overtime violated the FLSA or NYLL—which is not surprising, given that Defendants failed to notify him of his wage-and-hour rights under the FLSA and NYLL (SAC ¶¶ 81–86)—Mr. De La Cruz clearly complained about working more than 40 hours per week without proper compensation. These allegations are

7

sufficient to have "framed [the complaint] in terms of potential illegality." *Dunn*, 143 F. Supp. 3d at 112 (internal quotation marks omitted). There is no requirement that a plaintiff affirmatively or specifically allege in his complaint that an employer had knowledge of the protected activity. *Trowbridge*, 2015 WL 3746346, at *3. Indeed, numerous courts have since held that similar complaints were sufficient to support a claim of retaliation. *See, e.g., Brown v. Hearst Corp.*, No. 14 Civ. 1220 (VLB), 2015 WL 5010551, at *1 (D. Conn. Aug. 24, 2015) (denying motion to dismiss where plaintiff repeatedly told defendant that its failure to pay her overtime compensation was illegal); *Thompson v. Jennings & Hartwell Fuel Oil Corp.*, No. 14 Civ. 1857 (RJD) (LB), 2015 WL 5437492, at *1 (E.D.N.Y. Aug. 27, 2015), *report and recommendation adopted,* No. 14 Civ. 1857 (RJD) (LB), 2015 WL 5444939 (E.D.N.Y. Sept. 15, 2015) (granting motion for default judgment where plaintiff alleged that defendants paid him an hourly wage, he worked more than 40 hours per week, defendants did not pay him overtime wages, and he complained to his supervisor that he had never received appropriate overtime wages); *Trowbridge*, 2015 WL 3746346, at *5 (denying motion to dismiss where plaintiff alleged making numerous oral complaints to defendant regarding nonpayment of wages).

The only case at the pleading stage in this Circuit to which Defendants cite—*Dunn v. Sederakis*, 143 F. Supp. 3d 102, 112 (S.D.N.Y. 2015)—offers no guidance, as the *Dunn* court explicitly based its conclusion on the context in which the plaintiff made her complaints. *Id.* at 113. There, the complaints were part of the plaintiff's "broad ranging complaints of violations of *[defendant's] internal standards* […]." *Id.* (emphasis added). The court found that, in this context, the plaintiff's generalized oral references to overtime would reasonably suggest to the audience to whom she spoke that she might be asserting a breach of internal policy or contractual duty. *Id.* The court found it significant that the plaintiff "was contemporaneously complaining

about [defendant's] docking of her wages and its refusal to grant a retroactive pay increase, both of which appear to have implicated internal issues of discipline and contract, rather than statutory violations." *Id.*

Here, Mr. De La Cruz did not complain about any internal policy or contractual duty: He complained that he was working more than 40 hours a week and not being paid at the overtime premium rate for those hours. The FLSA clearly mandates that employers compensate employees at the overtime premium rate for hours worked in excess of 40 in a work week. *See* 29 U.S.C. § 207. As such, Mr. De La Cruz's complaint about unpaid overtime describes an FLSA violation and is sufficient. *See Dunn*, 143 F. Supp. 3d at 112 n. 9.

Accordingly, the Court should not dismiss Plaintiff De la Cruz's FLSA retaliation claim.

## II. Mr. De La Cruz's complaints to Defendants provided the requisite notice under the NYLL.

Although the first paragraph of Defendants' memorandum of law in support of their Motion seems to imply that Mr. De La Cruz's retaliation claim under the NYLL should be dismissed, Defendants make no argument to dismiss the NYLL claim, though Mr. De La Cruz has pled a retaliation claim under the NYLL. Therefore, Defendants' argument should be deemed waived.

Notwithstanding the foregoing, under the NYLL, "[n]o employer […] shall discharge […] or retaliate against any employee because such employee has made a complaint to his or her employer […] [regarding a NYLL violation]." N.Y. Lab. Law § 215(1)(a). "To establish a prima facie claim of retaliation under the FLSA and the New York State analogue, a plaintiff must show […] participation in protected activity […and a] causal connection between the protected activity and the adverse employment action." *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 472 (S.D.N.Y. 2013) (internal quotation marks omitted). In New York, an employee's

internal complaint to an employer about unpaid overtime is explicitly protected. *See* N.Y. Lab. Law § 215(1)(a)(i). The protection afforded to workers under the NYLL retaliatory termination provision is "more broadly worded" than in the FLSA. *Thompson*, 2015 WL 5437492, at *4; *see Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 263 (S.D.N.Y. 2008).

As stated in Section II, Mr. De La Cruz complained to Defendants that he was not being paid at the overtime premium rate for hours he was working in excess of 40 in a work week before a backdrop of working long weeks for little pay. Mr. De La Cruz specifically alleges that Defendants terminated him for making these complaints.

As such, Mr. De La Cruz's allegations are sufficient to state a complaint under this Circuit's case law and, therefore, a retaliation claim under the NYLL.

## **CONCLUSION**

Mr. De la Cruz alleges that, throughout his employment with Defendants, he was never paid for hours worked in excess of 40, much less at the overtime premium rate. He alleges that he complained to Ms. Trejo shortly after she demanded that he work increased hours. Further, he alleges that Defendants never posted mandatory notices about his right to be paid at the overtime premium rate for hours worked in excess of 40 in a work week. Finally, he alleges that Defendants terminated him shortly after he complained of unpaid overtime, under circumstances strongly suggesting that the decision to terminate him was based on his complaint. Based on these allegations, Mr. De La Cruz has pled facts necessary to support the inference that his termination was because of his complaints about "potential illegality."

Accordingly, the Court should deny Defendants' Partial Motion to Dismiss the SAC.

[SIGNATURE ON FOLLOWING PAGE]

Dated: New York, New York
       July 12, 2017

                                    By:    s/ Walker G. Harman, Jr.
                                           Walker G. Harman, Jr. [WH-8044]
                                           Edgar M. Rivera [ER-1378]
                                           THE HARMAN FIRM, LLP
                                           220 Fifth Ave., Suite 900
                                           New York, New York 10001
                                           (212) 425-2600
                                           wharman@theharmanfirm.com
                                           erivera@theharmanfirm.com

                                           *Attorneys for Plaintiffs*