**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------×
PAULINO DE LA CRUZ *and* JUVENTINO RAMOS,

       *Plaintiffs,*                                      **16 CV 4382**

    *v.*

TREJO LIQUORS, INC., *d/b/a* TREJO LIQUORS AND     **DECLARATION OF**
WINES, *and* JOHANNY TREJO, *individually,*               **WALKER G.**
                                                                             **HARMAN, JR.**

       *Defendants.*
-------------------------------------------------------------------------×

       Pursuant to 28 U.S.C. § 1746, I, Walker G. Harman, Jr., an attorney admitted to practice in the United States District Court for the Southern District of New York and associated with The Harman Firm, LLP, declare under penalty of perjury that the following is true and correct:

       1.      I am an attorney of record for Plaintiffs Paulino De La Cruz and Juventino Ramos, commenced this action on their behalf, and am familiar with all the facts and circumstances in this action.

       2.      This Declaration is based upon my personal knowledge of the facts contained herein, as well as my knowledge as Plaintiffs' attorney.

       3.      I submit this Declaration in support of Plaintiffs' Motion for Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure and Local Civil Rule 55.1 against Defendant Trejo Liquors, Inc., d/b/a Trejo Liquors and Wines ("Trejo Liquors").

       4.      This is an action to recover $98,926.50 owed by Trejo Liquors to Plaintiffs for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law (NYLL), N.Y. Lab. Law §§ 1 *et seq.*, plus liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

5. Jurisdiction of the subject matter of this action is based on this Court's original jurisdiction over Plaintiffs' FLSA claims and supplemental jurisdiction over Plaintiffs' NYLL claims.

6. This action seeks judgment on the amount of $98,926.50 in actual damages, representing $81,030.00 in damages for Plaintiff De La Cruz and $17,896.50 in damages for Plaintiff Ramos, plus $98,926.50 in liquidated damages under the NYLL representing Trejo Liquors' willful NYLL violations, with pre-judgment interest at nine percent accruing from April 7, 2013, for Plaintiff De La Cruz and January 12, 2013, for Plaintiff Ramos.

7. The judgment sought herein is applicable only to Trejo Liquors, and the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action.

**I.      Basis for Entering a Default Judgment and Procedural History**

8. Trejo Liquors is a corporation organized under the laws of the State of New York with a location at 948 Amsterdam Avenue, New York, New York 10025. A true and correct copy of Trejo Liquors' Business Entity Information, as recorded and filed with the New York Department of State Division of Corporations, is attached hereto as Exhibit A.

9. This action was commenced on June 10, 2016, by the filing of the Summons and Complaint. (*See* Docket Nos. 1–3.) A true and correct copy of the Complaint is attached hereto as Exhibit B.

10. On July 5, 2016, the parties stipulated and agreed that Defendants' counsel, Rodriguez Law, P.C., would accept service of the Summons and Complaint on behalf of Defendants. (*See* Docket No. 9.) A true and correct copy of the Stipulation to Accept Service of Complaint and Extend Time to Respond to Complaint is attached hereto as Exhibit C.

11. On August 18, 2016, Plaintiffs filed a First Amended Complaint, which was properly served on Defendants via ECF. (*See* Docket No. 13.) A true and correct copy of the First Amended Complaint is attached hereto as Exhibit D.

12. On April 5, 2017, Plaintiffs filed a Second Amended Complaint, which was properly served on Defendants via ECF. (*See* Docket No. 43.) A true and correct copy of the Second Amended Complaint is attached hereto as Exhibit E.

13. On May 10, 2017, Argilio Rodriguez of Rodriguez Law, P.C., withdrew as counsel for Defendants, and the Court issued an Order instructing Trejo Liquors to retain new counsel by June 9, 2017, and advising Trejo Liquors that it was at risk of default if it did not do so. (*See* Docket No. 53.)

14. Mr. Rodriguez served a true and correct copy of the Court's May 10, 2017 Order on Defendants on May 10, 2017. (*See* Docket No. 54.) A true and correct copy of the Affidavit of Service of the Court's May 10, 2017 Order is attached hereto as Exhibit F.

15. On September 1, 2017, Plaintiffs requested the entry of default of Trejo Liquors. (*See* Docket Nos. 65–66.)

16. The Clerk of Court entered the default of Trejo Liquors on September 19, 2017. (*See* Docket No. 69.) A true and correct copy of the Clerk's Certificate of Default is attached hereto as Exhibit G.

**II.     Proposed Damages**

17. Plaintiff De La Cruz worked at Trejo Liquors from 1992 through February 4, 2016.

18. Plaintiff Ramos worked at Trejo Liquors from 2002 through August 31, 2015.

19. During Plaintiffs' employments at Trejo Liquors, Trejo Liquors paid them a weekly salary and misclassified them as exempt from overtime laws. As a result, Trejo Liquors underpaid Plaintiffs.

20. Plaintiffs' damages, including liquidated damages, total $197,853.00. A table of Plaintiffs' calculations of damages is attached hereto as Exhibit H.

21. Plaintiffs' attorneys' fees total $35,965.83. A calculation of Plaintiffs' attorneys' fees is attached hereto as Exhibit I.

22. Plaintiffs expended $563.18 in costs in litigating this action. A calculation of Plaintiffs' costs is attached hereto as Exhibit J.

**III.     The Harman Firm, LLP's Qualifications**

23. For approximately 13 years, I have been the principal attorney at The Harman Firm, LLP (the "Firm"), which primarily represents plaintiffs in employment discrimination and wage-and-hour cases.

24. I graduated from Fordham University School of Law in 1999.

25. I began my legal career as an associate at Dickstein Shapiro LLP in 1999.

26. In 2003, I left Dickstein Shapiro LLP to found the Firm and have been the principal attorney at the Firm since its inception.

27. I am admitted to practice in the New York State Courts; the U.S. District Courts for the Southern District of New York, the Eastern District of New York, the Northern District of Texas, and the District of Colorado; and the U.S. Court of Appeals for the Second Circuit.

28. Over the course of my career, I have represented employees in hundreds of cases brought under various federal, state, and city anti-discrimination and wage-and-hour statutes, most of which have been satisfactorily resolved prior to trial.

29. Edgar M. Rivera has been an associate attorney at the Firm since 2014.

30. Mr. Rivera graduated from Fordham University School of Law in 2014.

31. Mr. Rivera is admitted to practice in the New York and New Jersey State Courts and the U.S. District Courts for the Southern District of New York, the Eastern District of New York, the District of New Jersey, and the District of Colorado.

32. During his tenure at the Firm, Mr. Rivera has represented hundreds of employees in cases brought under federal, state, and city anti-discrimination, wage-and-hour, and whistleblowing statutes from pleadings until trial.

33. Lev Craig is currently a senior paralegal at the Firm.

34. Mr. Craig graduated from Harvard University in 2016 and has worked as a paralegal at the Firm since June 2016, during which time he has worked on numerous cases brought under federal, state, and city anti-discrimination, wage-and-hour, and whistleblowing statutes.

35. Yarelyn Mena graduated from Hunter College in 2015 and worked as a paralegal at the Firm from February 2015 through June 2016, during which time she worked on numerous cases brought under federal, state, and city anti-discrimination, wage-and-hour, and whistleblowing statutes.

### IV. Legal Authority

36. A court must accept as true all of the factual allegations of the complaint relating to liability when considering a motion for default judgment. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also* FED. R. CIV. P. 55(b).

37. In wage-and-hour actions where no records have been produced as a consequence of defendants' default, the "employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Perero v. Food Jungle, Inc.*, Nos. 05 Civ. 4347 (JG), 05 Civ. 5169 (JG), 05 Civ. 5170 (JG), 2006 WL 2708055, at *5 (E.D.N.Y. Aug. 7, 2006) (citing *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31 (2d Cir. 2002) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946))).

38. In the absence of rebuttal by the defendant, a plaintiff's recollections and estimates of hours worked are presumed to be correct. *Liu v. Jen Chu Fashion Corp.*, No. 00 Civ. 4221 (RJH) (AJP), 2004 WL 33412, at *3 (S.D.N.Y. Jan. 7, 2004) (citing *Anderson*, 328 U.S. at 687–88).

39. As to the calculation of damages, the plaintiff is entitled to all reasonable inferences from the evidence offered. *See Au Bon Pain Corp.*, 653 F.2d at 65; *Vierling Commc'ns GMBH v. Stroyls*, No. 09 Civ. 6654 (CS) (GAY), 2011 WL 5854625 (S.D.N.Y. Sept. 16, 2011), *report and recommendation adopted,* No. 09 Civ. 6654 (CS) (GAY), 2011 WL 5844158 (S.D.N.Y. Nov. 21, 2011).

40. If the plaintiff's claim is for a sum certain, or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. FED. R. CIV. P. 55(b)(1).

41. Here, Trejo Liquors employed Plaintiffs within the meaning of the FLSA and NYLL; therefore, it is responsible for Plaintiffs' damages. "Both the FLSA and the NYLL

impose financial liability on employers who violate the [FLSA's and NYLL's] overtime provisions." *Sampson v. MediSys Health Network, Inc.*, No. 10 Civ. 1342 (SJF) (ARL), 2012 WL 3027850, at *10 (E.D.N.Y. Feb. 9, 2012), *report and recommendation adopted as modified,* No. 10 Civ. 1342 (SJF) (ARL), 2012 WL 3027838 (E.D.N.Y. July 24, 2012).

42. Plaintiffs have stated their claims in the Second Amended Complaint and accompanying documents and have provided a sum certain of damages. *See* Exs. E, H.

I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, Plaintiffs respectfully request the entry of Default and the entry of the annexed Judgment against Trejo Liquors in the total amount of $153,723.75 for Plaintiff De La Cruz and $33,540.75 for Plaintiff Ramos, plus attorneys' fees, costs, and disbursements of this action in the amount of $36,529.01, and pre- and post-judgment interest.

Dated: New York, New York
October 24, 2017

*Walker G. Harman, Jr.* (signature)

Walker G. Harman, Jr.