UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------×

PAULINO DE LA CRUZ *and* JUVENTINO RAMOS,

      *Plaintiffs,*

      *v.*

TREJO LIQUORS, INC., *d/b/a* TREJO LIQUORS AND WINES, *and* JOHANNY TREJO, *individually,*

      *Defendants.*

------------------------------------------------------------------------×

**16 CV 4382**

**DECLARATION OF
<u>EDGAR M. RIVERA</u>**

I, Edgar M. Rivera, an attorney duly admitted to practice in the State of New York and in this Court, hereby declare as follows:

    1.    I am an attorney at The Harman Firm, LLP, counsel of record for Plaintiffs Paulino De La Cruz and Juventino Ramos in this action brought against Defendants Trejo Liquors, Inc., d/b/a Trejo Liquors and Wines ("Trejo Liquors"), and Johanny Trejo under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law (NYLL), N.Y. Lab. Law §§ 1 *et seq*.

    2.    I submit this Declaration in support of Plaintiffs' Request to Enter Default against Defendant Johanny Trejo for failing to defend herself in this action, pursuant to Fed. R. Civ. P. 55(a) and L. Civ. R. 55.1 and the Court's Order dated January 26, 2018.

    3.    Upon information and belief, Ms. Trejo was and is an individual who resides in New York County in the State of New York.

    4.    Ms. Trejo and Trejo Liquors were represented by Argilio Rodriguez, Esq., of Rodriguez Law, P.C.

    5.    On May 9, 2017, Mr. Rodriguez moved to withdraw as counsel for Defendants. (*See* Docket Entry 50.)

6. On May 10, 2017, the Court granted Mr. Rodriguez's motion to withdraw as counsel for Defendants and stayed all proceedings until June 9, 2017, to allow Defendants an opportunity to retain new counsel. (*See* Docket Entry 53.)

7. Mr. Rodriguez served a copy of the Court's May 10, 2017 Order on Defendants on May 10, 2017. (*See* Docket Entry 54.)

8. Since Mr. Rodriguez's withdrawal, Ms. Trejo has not attempted to respond to Plaintiffs' counsel's attempts to meet and confer on a scheduling order.

9. On December 8, 2017, the Court held an Order to Show Cause hearing for default judgment as to Defendant Trejo Liquors.

10. Ms. Trejo did not appear at the December 8, 2017 hearing; I, on behalf of Plaintiffs, was the only party to appear.

11. At the December 8, 2017 hearing, the Court scheduled a status conference for January 26, 2018, before Judge Vernon S. Broderick for the purpose of determining if Ms. Trejo, now proceeding *pro se*, had retained or intended to retain counsel for Trejo Liquors.

12. On December 21, 2017, the Court ordered all parties to appear for the January 26, 2018 status conference and informed Ms. Trejo that her failure to appear could result in a judgment in favor of Plaintiffs.

13. A copy of the Court's December 21, 2017 Order was mailed to Ms. Trejo's address of record.

14. Although Ms. Trejo failed to appear at the January 26, 2018 status conference, upon information and belief, the Court was able to reach her by telephone by calling Trejo Liquors.

15. Upon information and belief, Ms. Trejo informed the Court that she would not appear at the January 26, 2018 status conference in person or telephonically, stating only that she was "too busy" to attend.

16. Upon information and belief, Ms. Trejo has received correspondence from both Plaintiffs' counsel and the Court over the last several months regarding her obligations to the Court but has simply ignored all communications.

17. Ms. Trejo is indebted to both Plaintiffs for failing to pay them at the overtime premium rate for hours worked in excess of 40 per work week, in violation of the FLSA and NYLL, and for failing to provide them with required notices and keep accurate time records, in violation of the NYLL, from 2010 to the present.

18. Additionally, Ms. Trejo is indebted to Plaintiff De La Cruz for terminating his employment in retaliation for his complaints about wage-and-hour violations, in violation of the FLSA and NYLL.

19. Plaintiffs are entitled to monetary damages, compensatory damages, punitive damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

20. The party against whom this Certificate of Default is requested is not an infant, incompetent, or presently in the military service of the United States, as appears from the facts in this litigation.

WHEREFORE, Plaintiffs Paulino De La Cruz and Juventino Ramos request that the default of Defendant Johanny Trejo be entered and a certificate of default issued.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief, that the amount claimed is justly due to Plaintiffs, and that no part thereof has been paid.

Dated: New York, New York
February 5, 2018

s/ Edgar M. Rivera
Edgar M. Rivera