```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
PAULINO DE LA CRUZ, JUVENTINO                               :
RAMOS,                                                      :
                                                            :
                              Plaintiffs,                   :
                                                            :
                  - against –                               :
                                                            :
TREJO LIQUORS, INC. (d/b/a TREJO                            :
LIQUIRS & WINES), JOHANNY TREJO,                            :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/30/2020

16-CV-4382 (VSB) (DF)

**OPINION & ORDER**

Appearances:

Edgar Mikel Rivera
The Liddle Law Firm PLLC
New York, New York
*Counsel for Plaintiff*

Walker Green Harman, Jr.
The Harman Firm, LLP
New York, New York
*Counsel for Plaintiff*

Johanny Trejo
New York, New York
*Pro Se Defendant*

Trejo Liquors, Inc.
*Unrepresented Corporate Defendant*

VERNON S. BRODERICK, United States District Judge:

    Plaintiffs Paulino De La Cruz ("De La Cruz") and Juventino Ramos ("Ramos") (collectively, "Plaintiffs") bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law ("NYLL"), §§ 190, et. seq., and 650, et seq., to recover unpaid overtime wages, unpaid spread-of-hours pay, liquidated damages, statutory damages, prejudgment interest, and attorneys' fees and costs from defendants Trejo Liquors, Inc.

("TLI") (d/b/a Trejo Liquors & Wines), and Johanny Trejo ("Trejo") (collectively, "Defendants"). De La Cruz also seeks damages from Defendants for allegedly terminating him in retaliation for complaining about wage-and-hour violations.

Plaintiffs commenced this action by filing a Complaint on June 10, 2016. (Doc. 1.) Plaintiffs filed their First Amended Complaint on August 18, 2016, (Doc. 13), and, after receiving my permission to do so, filed a Second Amended Complaint on April 17, 2017, (Doc. 43). On May 10, 2017, I granted Defendants' counsel's motion to withdraw as counsel, and informed the Defendants that a corporation could not be represented pro se, and advised TLI that it risked default if it failed to retain new counsel to represent it in this action. (Doc. 53.) Neither Defendant retained new counsel, and I issued an order directing Defendants to show cause why a default judgment should not be entered against them, and set a hearing for November 9, 2018. (Doc. 84.) Defendants failed to appear at the hearing, and I entered a default judgment against them on November 12, 2018. (Doc. 87.)

On November 13, 2018, I referred this case to Magistrate Judge Debra C. Freeman for an inquest after default/damages hearing. (Doc. 88). Judge Freeman filed her Report and Recommendation on September 10, 2019. (Doc. 93.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Here, although the Report and Recommendation provided that "the parties shall have fourteen (14) days from service of this report to file written objections," (Doc. 93, at 47–48), neither party has filed an objection, or sought an extension of time to file an objection. I have reviewed

Judge Freeman's thorough and well-reasoned Report and Recommendation for clear error and, after careful review, find none. I therefore adopt the Report and Recommendation in its entirety.

## **CONCLUSION**

Accordingly, it is:

ORDERED that Report and Recommendation is adopted and that Defendants Trejo Liquors, Inc., and Johnny Trejo be held jointly and severally liable for damages and attorneys' fees as laid out in the Report and Recommendation. (Doc. 93, at 46–47).

The Clerk's Office is respectfully directed to mail a copy of this order to the pro se Defendants. The Clerk's Office is further directed to enter Judgment and terminate the case. SO ORDERED.

Dated: July 30, 2020
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge